THE CITY OF CHICAGO

*v.*

GEORGE H. WILLIAMS.

*Opinion filed October 19, 1899.*

182   135
97a   1334

1. MUNICIPAL CORPORATIONS—*city not liable for torts of police officers.* A city is not liable for torts committed by its officers in the exercise of police powers.

2. SAME—*city should not defend police officers for torts.* It is not the duty of the corporation counsel to defend, at the expense of the city, a suit to recover damages for false imprisonment, brought against police officers individually and to which the city is not a party.

3. SAME—*city cannot contract for stenographic work at trial of police officer for a tort.* A city, authorized by its charter to appropriate money for corporate purposes only, has no right to contract for stenographic work to be performed in a suit brought against its officers for their own torts and to which it is not a party.

4. SAME—*expense of defending personal suit against police officer can not be paid from corporation counsel's appropriation.* The expense of defending damage suits brought against city officers for torts for which they are individually liable only, cannot be paid out of the contingent fund appropriated for legal expenses.

*City of Chicago* v. *Williams*, 80 Ill. App. 33, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This is an action in assumpsit, brought by the appellee against the appellant to recover the sum of $677.30, alleged to be due him upon an oral contract with the city made in 1897 to do stenographic and typewriting work to that amount in a certain action tried in the superior court of Cook county, brought by one Ella C. Quinlan against John J. Badenoch and John E. Fitzpatrick, which work is alleged to have been done under said agreement. The declaration contains the common counts only. The bill of particulars recites, that the claim, upon which the present suit is brought, is for services rendered to the city of Chicago by the appellee as court stenographer in a

cause entitled *Quinlan* v. *Badenoch* tried in 1897, "the said Badenoch being at one time chief of police of the city of Chicago, and the plaintiff therein having been employed in behalf of the city through the office of the corporation counsel of said city of Chicago."

At the close of the plaintiff's evidence in the case, the defendant, the city of Chicago, made a written motion to exclude from the jury all evidence on the part of the plaintiff, and to give to the jury the following written instruction: "The court instructs the jury to find the verdict for the defendant." The court refused to so instruct the jury, and marked the word "refused" on the instruction, to which the defendant excepted.

The defendant, by its counsel, then offered in evidence the court files in said case of *Quinlan* v. *Badenoch*, which were admitted in evidence. The defendant then again asked the court to give the jury the following written instruction, to-wit: "The jury are instructed by the court to find a verdict for the defendant." The court refused to give such instruction, and marked the same "refused," to which the defendant excepted. Thereupon, the jury rendered a verdict in favor of the appellee, the plaintiff below, for the above amount. Motion for a new trial was overruled, and judgment was rendered upon the verdict. An appeal was taken from this judgment to the Appellate Court, where the same has been affirmed. The Appellate Court has granted a certificate of importance.

CHARLES S. THORNTON, Corporation Counsel, and THOMAS J. SUTHERLAND, for appellant.

JUDD & HAWLEY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first consideration, presented by the record, relates to the character of the suit, in which the services are alleged to have been rendered. The suit was brought

by Ella C. Quinlan against John J. Badenoch and John E. Fitzpatrick to recover damages for false imprisonment. John J. Badenoch was superintendent of police in the city of Chicago in 1895, and John E. Fitzpatrick was a police officer in that city at that time. These officers caused the arrest and forcible detention of Ella C. Quinlan, because they suspected her of complicity in certain crimes. She thereupon brought suit, claiming damages against them personally because of her arrest and detention. Badenoch and Fitzpatrick were defended in that suit by an attorney occupying the position of assistant corporation counsel to the city of Chicago, and by another attorney not connected with the law department of the city. Appellee claims, that he acted as stenographer on behalf of Badenoch and Fitzpatrick in the trial of that case, and that he performed services therein as such stenographer to the amount in value of the claim here sued upon. Appellee contends that he did the work for the city of Chicago, and that the city is liable to him for fees charged by him for his work as stenographer. He also claims that the city made a contract with him to do this work for it, or, in other words, that he was "employed in behalf of the city through the office of the corporation counsel of said city."

It is to be noted that the suit brought by Quinlan was not brought against the city of Chicago, but was brought against two of the city's police officers, who had improperly and wrongfully made an arrest. The city was not liable to Ella C. Quinlan because of the arrest so made by two of its police officers. If the charge against them of making an illegal arrest was true, they alone were liable as individuals.

Police officers are not agents or servants of the city, appointing them, within the rule making the corporation answerable for their acts, nor is a municipal corporation liable for the non-feasance or misfeasance of the officers of its police. There is an implied or common law liability

for the negligence of municipal officers in the performance of corporate acts, which have relation to the management of the corporate or private concerns of the municipality, from which it derives special or immediate profit or advantage as a corporation. But where acts are done by the officers of towns and cities in their public capacity in the discharge of duties imposed by the law for the public benefit and for the promotion and preservation of the public welfare, no private action lies unless the right to bring it is expressly conferred.

In *Town of Odell* v. *Schroeder*, 58 Ill. 353, where a party was charged before a justice of the peace with the violation of a town ordinance by committing an assault and battery, and was arrested therefor, and confined in the town prison, it was held that a municipal corporation is not liable for the illegal and unauthorized acts of its officers in administering an ordinance; and that, although trustees and other officers of the town may, by the illegal and unwarranted exercise of power, render themselves individually liable, the town is not thereby rendered liable.

In *Wilcox* v. *City of Chicago*, 107 Ill. 334, where suit was brought to recover damages for an injury, sustained through the alleged neglect of a driver of a hook and ladder wagon, belonging to the city fire department, while such driver was engaged in the service of the city in saving property from destruction by fire, it was held that the members of the fire department, although appointed by the city corporation, are not servants and agents of the city for whose conduct the city is liable, but that they act rather as officers of the city charged with a public service, for whose negligence in the discharge of official duty no action lies against the city, unless it is expressly given, and that the maxim *respondeat superior* has no application to such a case.

In *Culver* v. *City of Streator*, 130 Ill. 238, where a person had received a personal injury from one of the officers of

an incorporated city, who, while enforcing an ordinance of the city which prohibited the running .at large of un-licensed and unmuzzled dogs, attempted to kill a dog, .and, through negligence, shot and wounded such person, it was held that the city's officers, appointed or employed by the city, are not its agents or servants, so as to render the city responsible for their unlawful or negligent acts in the discharge of their duties. In the latter case it was said, that the city is not liable for assault and battery committed by its police officers, though done in an at-tempt to enforce an ordinance of the city, nor for illegal and oppressive acts of officers committed in the adminis-tration of an ordinance, nor for an arrest made by them which is illegal for want of a warrant.

In *Craig* v. *City of Charleston*, 180 Ill. 154, where an offi-cer had been appointed by the city to keep a street free from obstructions, and, while in charge of the street, had made an unjustifiable assault upon plaintiff resulting in serious injury to the latter, it was held that, in such a case, the city is not liable for injuries received; and we there said, that a "municipal corporation, while simply exercising its police powers, is not responsible for acts of its officers in violation of the laws of the State and in excess of the legal powers of the city." In the perform-ance of its police regulations a city cannot commit a wrong through its officers in such a way as to render it liable for their torts; where the city is simply exercising its police powers, acts of its officers or agents, which are illegal and unlawful, are *ultra vires;* and a citizen has no remedy against the corporation for damages caused by such acts of its officers. (*Blake* v. *City of Pontiac*, 49 Ill. App. 543; *Arms* v. *City of Knoxville*, 32 id. 604).

It follows from what has been said, that the city of Chicago was not in any way liable in the suit brought by Ella C. Quinlan against Badenoch and Fitzpatrick. As the city was not liable, and was not a party to the suit, it was not the duty of the corporation counsel, or of any

of his assistants, to defend that suit at the expense of the city.

*Second*—Any contract, made by an assistant corporation counsel with a stenographer, authorizing the latter to perform services for the city in a suit to which the city is not a party, and in which the city can, under no circumstances, be held liable, is an invalid contract, and cannot be enforced. This must necessarily be so upon principle and upon authority.

The city of Chicago would have no power to make an appropriation of the public funds to pay the expenses of defending such a suit, as that which was brought by Quinlan against Badenoch and Fitzpatrick. The second paragraph of section 1 of article 5 of the City and Village act, which is the charter of the city of Chicago, gives to the city power "to appropriate money for corporate purposes only, and provide for payment of debts and expenses of the corporation." To appropriate money for the defense of a suit for damages, brought against a police officer because of an illegal arrest made by him, is not to appropriate money for a corporate purpose. Such an appropriation of money would not be providing for the payment of the debts and expenses of the corporation. And if money could not be appropriated by an ordinance for the payment of the expenses of defending such a suit, a contract could not be made with a stenographer, or other person, by any officer of the city making the city liable to pay money therefor.

Counsel for appellee, introduced in evidence, upon the trial below, an ordinance of the city, which provides that the corporation counsel "shall superintend, with the assistance of the city attorney and prosecuting attorney, the conduct of all the law business of the city." This ordinance did not give the corporation counsel, or any one of his assistants, power to superintend the conduct of a lawsuit, brought against two of its police officers for the illegal conduct of the latter, because such lawsuit was

not in any sense a part of the law business of the city. The subject of a contract made by or on behalf of the city must relate to a matter, about which the municipality can lawfully contract. The city cannot lawfully contract in reference to stenographic work done, not for the city, but for officers of the city individually liable for their own torts. A city can only bind itself by such contracts as it is authorized by its charter to make; and all persons dealing with it must see that the municipal body has power to perform the proposed act. (*City of Danville* v. *Danville Water Co.* 178 Ill. 299).

"Public corporations may, by their officers and properly authorized agents, make contracts the same as individuals and other corporations in matters that appertain to the corporation." (1 Dillon on Corp.—4th ed.—sec. 445). The matters, involved in the contract here in controversy, do not necessarily appertain to the municipality, or any of its interests. The municipal corporation is a trustee for the public, and its funds cannot be used for the payment of claims, which are not authorized by law or statute, even though such claims may represent work honestly done. Their payment establishes precedents, which open the door to fraud. (*West Chicago Park Comrs.* v. *Kincade*, 64 Ill. App. 113).

Counsel for appellee also introduced in evidence, upon the trial below, one of the items of the annual appropriation bill for 1897, passed by the city council on March 18, 1897, the year during which the trial of the Quinlan case took place. The item was for the contingent legal expenses of the law department, and read as follows: "For the city attorney's office, $20,000.00; for the corporation counsel's office, $15,000.00." It is said, that the corporation counsel had a right to employ the appellee to act as stenographer in the Quinlan suit, and to pay him out of the contingent fund thus appropriated for legal expenses. But the appropriation was made for such legal expenses as properly appertained to the performance of

the duties of the city attorney and corporation counsel. As has already been stated, it did not fall within the line of their duties to defend damage suits against the city's officers for illegal torts committed by the latter.

In *Peck* v. *Spencer*, 26 Fla. 23, a suit was brought against the acting mayor of a town to test the validity of the latter's election; the town council authorized the acting mayor to employ counsel at the expense of the corporation to defend said suit; and it was held, that the corporation's funds could not be applied to the payment of the expenses of such a suit; that all corporations, whether public or private, derive their powers from legislative grant, and can do no act for which authority is not expressly given, or may not be reasonably inferred; that the town council in that case had not the power, either express or implied, under its charter, to appropriate money in defense of contested elections; that such contests were personal; that the corporation could have no interest in the result, and that an appropriation to pay any one of the parties the expenses he might be put to was without legal authority. In the Florida case, the court say: "An ordinance making an appropriation of the funds of a town or city, derived from taxation, for purposes wholly beyond the purview of municipal grant, is a wrongful appropriation of the funds held in trust for the tax-payers and people to pay the alimony and legitimate expenses of the town or city, and is, in short, *ultra vires*, null and void." The doctrine, that the appropriation of public funds for a purpose beyond the purview of municipal grant is void, necessarily involves the doctrine, that a contract by the city or any of its officers to pay out public funds for such purpose is illegal and void. (10 Am. & Eng. Ency. of Law, p. 962).

For the reasons above stated, we are of the opinion that the appellee had no right of recovery in this case, and that the court below erred in not instructing the jury to find for the defendant below, the appellant here.

Accordingly, the judgments of the Appellate Court and of the superior court of Cook county are reversed and the cause is remanded to the latter court with instructions to proceed in accordance with the views herein expressed.    *Reversed and remanded.*