## Harriet Evans v. City of Kankakee.

### Gen. No. 4,774.

1. MUNICIPALITY—*extent of application of doctrine of respondeat superior.* The doctrine of *respondeat superior* does not apply to municipalities except in their corporate capacity.

2. MUNICIPALITY—*when not liable for infection suffered through negligence of servants.* A person cannot recover of a municipality because of injuries suffered through the contracting of a loathsome disease by reason of the negligence of the servants of such municipality.

Action on the case. Error to the Circuit Court of Kankakee county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

W. R. HUNTER and B. L. COOPER, for plaintiff in error.

A. E. SMITH, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case begun by plaintiff in error to recover damages from the city of Kankakee. The first count of the declaration alleges that the defendant was possessed of and occupied the first story of a certain building in the city of Kankakee as a city prison, calaboose, detention room and offices occupied by the mayor, chief of police and other officers of the defendant; that said building was located in a thickly populated part of the business district of said city, and consisted of a basement, first, second and third stories; that upon the inside of the west wall a hall and stairway extended from the street to the second and third stories; that the second story of said building was occupied by a telephone exchange with fifty employes, of whom plaintiff was one; that the third story was occupied by fraternal lodges; that said building was heated by steam from a plant located in the basement, the heat being conveyed by pipes to the several stories through the floors; that the ceiling of the first story and the floor of the second story were constructed of joists, lath, plaster and boards in which were divers holes and cracks through which said steam pipes passed into the rooms where plaintiff was employed, of which defendant had notice; that on December 11, 1904, defendant wrongfully and unlawfully suffered and permitted that part of the first story used by it below the rooms where plaintiff was employed, to be used as a pest house until January 1, 1905, and suffered a person whose name is unknown to the plaintiff to remain in said room so controlled by defendant, which said person was suffering with a contagious disease known as small-pox; that from

December 11th to December 31st plaintiff was employed by said telephone company at work in the rooms immediately over the room in which said diseased person was confined; that during the said time defendant burned the clothing of said diseased person upon said premises, and fumes laden with disease and infectious germs from said small-pox patient penetrated the rooms where plaintiff was at work, whereby plaintiff became affected with small-pox and sick, and was obliged to give up her employment, and was removed to a certain other pest house, to her damage, etc.

The second count avers, in addition to the allegations of the first count, that there was in force a certain ordinance of the city of Kankakee providing that any building which may be offensive or injurious to health shall be deemed a nuisance, and that the city by detaining a person afflicted with small-pox in the said calaboose thereby maintained a nuisance, etc. Other counts contain substantially the same allegations, except the fourth which contains an additional allegation, that defendant negligently and carelessly burned the clothing of a diseased person, whereby infection was communicated to plaintiff while she was in the exercise of due care for her own safety. A demurrer was sustained to the declaration, and, plaintiff electing to stand by her declaration, judgment was entered dismissing the suit and for costs, to reverse which this writ of error is prosecuted.

The negligence charged in the counts, except the fourth, is that the defendant suffered and permitted a person afflicted with small-pox to be and remain in a room used as a calaboose under the room in which plaintiff was employed; the fourth alleges, in addition, that defendant negligently and carelessly burned clothing of a small-pox patient whereby infectious germs were communicated to plaintiff. It is not alledged anywhere that the city or any officer of the city brought to the building, a room of which was used as

a calaboose, a person afflicted with small-pox, neither is it alleged that defendant had any place in December to which a small-pox sufferer could have been removed from the place of detention, but the allegation is that defendant suffered and permitted or detained in the calaboose a person suffering with that disease.

The matters complained of are acts of some official or police officer of the city in detaining in the city calaboose a person afflicted with small-pox. No complaint is made of any act which a city is authorized to do in its corporate or administrative capacity. The city of Kankakee is an incorporated municipality which can only act through its agents. In governmental matters the doctrine of *respondeat superior* does not apply to municipalities, except in their corporate affairs. It was held in Culver v. City of Streator, 130 Ill. 238, that "police regulations of a city are not made or enforced in the interest of the city in its corporate capacity, but in the interest of the public." "The police power of a municipal corporation may be defined in general terms as comprehending the making and enforcement of all such laws, ordinances and regulations as pertain to the comfort, safety, health, convenience, good order and welfare of the public; and all persons officially charged with the execution and enforcement of such ordinances are *quoad hoc* police officers. * * * Police officers appointed by the city are not agents or servants so as to render it responsible for their unlawful or negligent acts in the discharge of their duties." The restraining and quarantining of persons affected with a contagious disease manifestly appertain to and are included in the police power. In Frazier v. City of Chicago, 186 Ill. 480, it was said: "The establishment of this small-pox hospital was therefore clearly within the police power of the city," and the learned judge who wrote the opinion quoted with approval from Oliver v. Worcester, 102 Mass. 489, where it was said: "The distinction is well established be-

tween the responsibilities of towns and cities for acts done in their public capacity in the discharge of duties imposed upon them by the legislature for the public benefit, and for acts done in what may be called their private character, as the management of property and rights held by them for their own immediate profit or advantage as a corporation, although inuring of course ultimately to the benefit of the public. In the one case no private action lies unless it be expressly given; in the other there is an implied or common law liability for the negligence of the officers in the discharge of such duties.''

In City of Chicago v. Williams, 182 Ill. 135, it was held that ''police officers are not agents or servants of the city appointing them, within the rule making the corporation answerable for their acts, nor is a municipal corporation liable for the nonfeasance or misfeasance of the officers of its police. There is an implied or common law liability for the negligence of municipal officers in the performance of corporate acts, which have relation to the management of the corporate or private concerns of the municipality from which it derives special or immediate profit or advantage as a corporation. But where acts are done by the officers of towns and cities in their public capacity in the discharge of duties imposed by the law for the public benefit and for the promotion and preservation of the public welfare, no private action lies unless the right to bring it is expressly conferred.'' Town of Odell v. Schroeder, 58 Ill. 353; Wilcox v. City of Chicago, 107 Ill. 334; Craig v. City of Charleston, 180 Ill. 154; Symonds v. Clay Co., 71 Ill. 355; Blake v. City of Pontiac, 49 Ill. App. 543; Arms v. City of Knoxville, 32 Ill. App. 604.

In Western College v. City of Cleveland, 12 Ohio St. 375, it was said: ''It is obvious there is a distinction between those powers delegated to municipal corporations to preserve the peace and protect persons and property, whether to be exercised by legislation or

the appointment of proper officers, and those powers
and privileges which are to be exercised for the im-
provement of the territory comprised within the lim-
its of the corporation, and its adaptation to the pur-
poses of residence or business. As to the first, the
municipal corporation represents the state—discharg-
ing duties incumbent on the state; as to the second,
the municipal corporation represents the pecuniary
and proprietary interests of the individuals. As to
the first, responsibility for acts done, or omitted, is gov-
erned by the same rule of responsibility which applies
to like delegations of power; as to the second, the
rules which govern the responsibility of individuals
are properly applicable."

In Ogg v. City of Lansing, 35 Ia. 495, an agent of
the city, without using disinfectants or taking any
precaution to prevent the spread of small-pox, and
without giving any notice to plaintiff, who was pass-
ing, requested him to assist in removing a coffin con-
taining the body of a person who died of small-pox,
from a house under the control of the city in which
he died. The disease was thereby communicated to
the children of the plaintiff, causing their death. It
was held there was no liability against the city, on
the ground that defendant was not liable for the mis-
feasance, wrongs or negligence of its officers or agents
employed in the public service. It was there said that
"if the principle contended for by plaintiff was up-
held, then a city would be compelled to respond in
damages for the neglect of its police force to suppress
a riot, the failure of its firemen to arrest a conflagra-
tion, and the negligence of its physician in prescrib-
ing for a patient. The true doctrine is that a city
cannot be held for a defective execution of powers of
a legislative or governmental nature. In discharging
these functions the city acts as a *quasi*-sovereignty,
and is not responsible for a neglect or misfeasance
of its officers or agents."

Plaintiff relies upon Haag v. Board of Commission-

ers, 60 Ind. 511, where it was held an action would lie against a county for maintaining a pest house near plaintiff's residence rendering his premises unsafe. The court based its decision on a statute of the state concerning nuisances. It may also be observed that a different rule is held regarding municipal liability in Indiana from the rule in this state. In Hollenbeck, Admx., v. County of Winnebago, 95 Ill. 148, after a full review of the authorities, it was held that at common law a private action will not lie against a county for injuries occasioned by the negligence of its servants or officers in respect to the performance or non-performance of their duties. And there is no distinction in the application of the rule, between neglecting to do or perform an act which ought to have been performed, and the performance of the duty in a negligent manner, nor has the statute provided any such remedy or declared any liability on the part of a county in that regard.

In our opinion it is inconsistent with powers in the nature of police powers, which are strictly governmental in their nature, and common to all municipalities, that a city should be compelled to respond to individuals in damages for the manner of the exercise of such powers. The maintenance of such an action would give to a court and jury the power to punish a municipality for exercising a governmental discretion vested in it by law and for which its responsibility should be only political. The only negligence the defendant as a corporation was guilty of, if any there was, was an error in its political action in either electing or appointing some officer who may have been guilty of the negligence charged, but for which the city in law is not liable. The demurrer was properly sustained, and the judgment is affirmed.

*Affirmed.*