## Mary Perry, Appellee, v. City of Oregon, Appellant.

### Gen. No. 4,912.

DAMNUM ABSQUE INJURIA—*when city not liable for destruction of private property.* Where city officials destroy private property in the interests of the public health and to prevent the spread of contagion, no liability arises against the city.

Trespass. Appeal from the Circuit Court of Ogle County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed March 11, 1908.

W. J. EMERSON and FRED B. SILSBEE, for appellant.

FRANC BACON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of trespass begun in the Circuit Court of Ogle county against the city of Oregon. The declaration alleges that the defendant with force and arms broke and entered the dwelling house of the plaintiff and took, carried away and converted to its own use divers goods and chattels of the plaintiff. A plea of the general issue and special pleas were filed but afterwards it was stipulated that any and all the defenses that might properly be presented under any special plea might be interposed under the general issue. At the close of all the evidence the defendant offered a peremptory instruction directing a verdict for the defendant, which was refused. A verdict for $140 was returned in favor of plaintiff. Motions for a new trial and in arrest of judgment were interposed and overruled. Judgment was rendered on the verdict and the city of Oregon appeals to this court.

It appears from the record that in the spring of 1905 smallpox, a contagious disease, was prevalent in the city of Oregon. Dr. H. H. Sheets was employed and paid by the city to care for persons afflicted with that disease. Mary Perry, the appellee, was taken with the disease and was at-

tended through her affliction in her own home by the physician employed by the city. Afterwards, when the appellee was convalescent, the city physician consulted with the mayor of the city as to what he should do towards disinfecting the property and premises of appellee, and was told by the mayor "that he should do whatever the sanitary laws and scientific rules indicated as a proper thing to do in such cases." The physician, with the assistance of the husband and son of appellee, proceeded to disinfect the property, and in so doing found it necessary to destroy some of the wearing apparel, carpets, bedding and other household goods belonging to appellee. The proof shows that the property destroyed could not be disinfected and that the only safe way to prevent the spread of the disease was to burn the articles destroyed, and that this was done in accordance with the recommendation of the State Board of Health.

The city officials in disinfecting or burning the property of the appellee were not acting in the interest of the city in its private or administrative capacity, but in the interest of the public in its police or governmental capacity. It is well settled that a city is not liable for the acts of its officers in attempting to enforce police regulations. "Police regulations, it has frequently been said, include the making and enforcement of all such laws, ordinances and regulations as pertain to the comfort, safety, health, convenience, good order and welfare of the public, and that all persons officially charged with the execution and enforcement of such police ordinances and regulations are, *quod hoc,* police officers." "Where acts are done by the officers of towns and cities in their public capacity in the discharge of duties imposed by the laws for the public benefit and for the promotion and preservation of the public welfare, no private action lies unless the right to bring it is expressly conferred." Evans v. City of Kankakee, 231 Ill., 223, same case 132 Ill. App., 488, and cases cited; Chicago v. Williams, 182 Ill., 135; Tollefson v. City of Ottawa, 228 Ill., 135, 129 Ill. App., 139. The appellant is not liable for the acts of its officers under the facts proven in this case. The

jury should have been instructed to find a verdict for the defendant. · The judgment is reversed.

*Reversed.*