WALTER O. JONES, BY GRACE E. JONES, HIS NEXT FRIEND,

*v.*

STATE OF ILLINOIS.

*Opinion filed May 22, 1914.*

1. NON-LIABILITY OF STATE—*State in absence of statute not liable for injuries to those employed by it.* Claimant, a student at the University of Illinois, was employed in various positions, and while working in the department of fire protection was injured. *Held,* that no liability attached.

2. PUBLIC POLICY—*of State.* The State's exemption from liability does not find its justification solely from considerations of public policy. (*City of Chicago* v. *Williams,* 182 Ill., 135; *Minear* v. *State Board of Agriculture,* 259 Ill., 549, cited by the Court.)

3. GOVERNMENTAL FUNCTION—*University of Illinois.* The State in conducting the University of Illinois exercises a governmental function, and does not conduct a business enterprise.

4. SAFETY APPLIANCE ACT—*not applicable to State.* The Safety Appliance Act has no application to the State in its relations to its employees.

Robert E. Fitzgerald, for Claimant:

The doctrine that the State is exempt from liability for the torts and negligence of its servants, finds justification solely from considerations of public policy.

Holmes v. State, I. C. of C. R., 324.

The master owes to the employee the duty of guarding and protecting machinery, as provided in section 1 of Act of 1909, Session Laws, 1909, p. 202.

Streator v. Western Wheeled Scraper Company, 254 Ill., 244.

The neglect of the duty imposed by statute for the protection of an employee, is actionable negligence, providing the injury is caused thereby. It is negligence *per se.*

Western Anthracite Coal Company v. Beaver, 192 Ill., 333.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State:

The doctrine of *respondeat superior* does not apply to the State, and the State, in the absence of a statute providing therefor, is not liable in damages for the negligence of its officers, agents or employees.

*Leidel* v. *State,* C. of C., Oct. Sess., 1906; *Jorgenson* v. *State,* Oct. Sess., 1911; *People* v. *Brown,* 67 Ill., 435, 438; *Minear* v. *State Board of Agriculture,* 259 Ill., 549.

Claimant was a student at the University of Illinois, and was employed in various jobs about the university. On December 29, 1912, while in the employ of the Superintendent of Buildings, in the department of fire protection, he was directed to watch a motor and belt in the engineering building. There is a conflict of testimony between claimant and the superintendent, as to instructions given by the superintendent, but in our ultimate view of the case, this is immaterial. Suffice it to say, claimant had never had anything to do with the particular machinery upon which he received injury. At the time of the accident in question, he had taken a piece of waste to catch some oil that was dripping in the vicinity of certain cog-wheels, and the waste was caught in the cogs and one of his hands drawn in, as to which one, the record is silent. As a result of this accident, he sustained injuries which caused the amputation of the first finger at the second joint, the second finger at the second joint, and the mashing of the nail and first joint of the third finger. Claimant, since the accident, is able to draw and write with facility as evidenced by the diagram made by him and introduced in evidence. In addition to these injuries, claimant suffered a nervous breakdown and lost the time of a full college year.

The evidence is to the effect, that the cogs were defectively guarded, and there is a question in the minds of the Court, as to whether or not there was any guard over these particular wheels which caused the injury.

Claimant's counsel urges, that the exemption of the State from liability finds its justification solely from considerations of public policy, and cites *Holmes* v. *State of Illinois,* 1 C. of C. R., where, at page 331, the Court said:

"The doctrine (exempting the State from such liability) finds its justification in considerations of public policy."

We do not understand, that this Court then intended to hold, that the basis upon which this principle of law is founded, is public policy. Nor, do we so hold. It is the theory of the common law, repeatedly expressed, as stated in *City of Chicago* v. *Williams,* 182 Ill., 135, (cited in the *Holmes case* as authority) :

"Where acts are done by the officers of towns and cities in their public capacity, in the discharge of duties imposed by the law for the public welfare, no private action lies, unless the right to bring it is expressly conferred."

In *Minear* v. *State Board of Agriculture,* 259 Ill., 549, the Supreme Court of this State has said:

"If, as we hold, the State Board of Agriculture is an agency of the State, in the exercise of governmental functions, it is not liable, under the common law, for injuries claimed to have been sustained as a result of its negligence."

There is no statute which makes the State liable to respond in damages in a case, such as the one before us.

There is no evidence in the record as to what the functions of the University of Illinois are, nor is there any allegation in the declaration. Counsel for claimant argues, that it is within the province of this Court, with a knowledge of the purposes for which the university was instituted, to determine whether or not, in the conduct thereof, the State was exercising a governmental function or conducting a business enterprise for profit. By reference to the statutes, and with that knowledge with which counsel credits the Court, the Court concludes, that the university is conducted by the State in the exercise of its governmental function.

Claimant has failed to prove negligence on the part of the State in any degree, that even approximates a preponderance of evidence, and, in like measure, his proof as to his own exercise of care is lacking.

We cannot agree with claimant, that the public policy of the State, with reference to its relations with its employees, is any different now, than it was at the time the *Holmes case* was decided. The Safety Appliance Act has no application to the State in its relations to its employees.

It is the judgment of this Court, that this claim be, and the same is hereby rejected.