(No. 2187— )

WILLIAM J. McDONALD, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1934.*

R. C. MADDEN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant alleges that his automobile was damaged on or about the 7th day of February, A. D. 1933 at Mendota, by reason of the carelessness and negligence of the driver of a State truck. It appears that a blizzard was raging at the time of the accident, and the driver of a State truck and snow plow backed into the automobile of the claimant, thereby causing the damage complained of.

Assuming that the claimant was in the exercise of ordinary care at the time of the accident and that the collision was the result of the negligence of the driver of the State truck, yet such facts are not sufficient to support an award against the State.

This court in numerous cases has held that in the maintenance of its hard-surfaced highways, the State is in the exercise of a governmental function. (*Chumbler* vs. *State,* 6 C. C. R. 138; *Stoddard et al.* vs. *State,* 6 C. C. R. 27; *Bucholz et al.* vs. *State,* 7 C. C. R. 241.)

It has also been held in numerous cases that the State is not liable for the negligence of its servants and agents while engaged in the exercise of a governmental function. (*Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Morrissey* vs. *State,* 2 C. C. R. 254; *Tuttle* vs. *State,* 5 C. C. R. 3; *Peterson* vs. *State,* 6 C. C. R. 77.)

Claimant's right of action, if any, is against the driver of the truck personally, as there can be no liability on the part of the State in a case of this kind.

Award must therefore be denied. Motion to dismiss allowed.

Case dismissed.