(No. 1913—

GORDON L. WETHERHOLT, Claimant vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1934.*

KERR & PHILLIPS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

During the month of March, 1932, claimant was conducting a garage known as The Ideal Service Station and Garage at Pontiac, Illinois, in which garage the State stored a number of its trucks. On March 21, 1932 the driver of one of the State trucks carelessly and negligently operated such truck in driving the same into the garage, whereby the building was damaged to the extent of One Hundred Thirty-six Dollars and Ninety-eight Cents ($136.98), and claimant has filed herein his claim for such amount. The Attorney General has filed a motion to dismiss for the reason that under the facts set forth in the complaint there is no liability on the part of the State. Claimant bases his right to recover upon the negligence of the servant and agent of the State in the operation of said State truck.

It is well settled by the decisions of this court that in the maintenance of its hard-surfaced roads the State is acting in a governmental capacity. (*Chumbler* vs. *State,* 6 C. C. R. 138; *Stoddard et al.* vs. *State,* 6 C. C. R. 27; *Bucholz et al.* vs. *State,* 7 C. C. R. 241.)

It is also the well-settled law of this State that the State is not liable for the negligence of its servants and agents while in the exercise of its governmental functions. (*Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Morrissey* vs. *State,* 2 C. C. R. 254; *Tuttle* vs. *State,* 5 C. C. R. 3; *Peterson* vs. *State,* 6 C. C. R. 77.)

If the claimant has sustained injuries as the result of the negligence of the servant of the State, the right of action is against the servant individually and not against the State.

Claim denied.

Case dismissed.