(No. 1973—

GENEVIEVE SULLIVAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 21, 1934.*

L. FRED O'BRIEN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On November 1, 1931, claimant, with several others, was riding as a guest in an automobile then being driven by Claude L. Cashman in an easterly direction on S. B. I. Route No. 90 between Camp Grove and Sparland.

The complaint avers that the north and south crossroad near the Charley Ruth Corner had been newly graveled and that the servants and agents of the State had negligently left large quantities of gravel in long piles across said Route 90; that when the automobile in which claimant was riding struck the gravel, it was thrown out of the control of the driver and rolled over an embankment onto a wire fence, whereby the claimant was seriously injured.

The Attorney General has entered a motion to dismiss the case for the reason that there is no liability on the part of the State under the facts set forth in the complaint. The

facts in the case are very much disputed, but for the purpose of the motion the allegations of the complaint will be taken as true.

Claimant's right to recover is based upon the negligence of the servants and agents of the State in the maintenance of said State Route No. 90.

It is well settled by the decisions of this court that in the maintenance of its hard-surfaced roads the State is acting in a governmental capacity. *Chumbler* vs. *State,* 6 C. C. R. 138; *Stoddard et al.* vs. *State,* 6 C. C. R. 27; *Bucholz et al.* vs. *State,* 7 C. C. R. 241.

It is also the well-settled law of this State that the State is not liable for the negligence of its servants and agents while in the exercise of any of its governmental functions. *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Morrisey* vs. *State,* 2 C. C. R. 254; *Tuttle* vs. *State,* 5 C. C. R. 3; *Peterson* vs. *State,* 6 C. C. R. 77.

Under the settled law of this State the motion to dismiss will have to be sustained.

Motion sustained.