178

(No. 2095—)

WILLIAM HUFF, ADMINISTRATOR OF THE ESTATE OF JANIE HUFF, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*

A. L. WILLIAMS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

William Huff, as administrator of the estate of Janie Huff, deceased, filed his complaint herein on March 25, 1933, seeking to recover damages for the pecuniary loss sustained by the husband and next of kin of said decedent by reason of her death, which occurred on September 25, 1931. On that date claimant's intestate was engaged in the performance of her domestic duties in the yard at the rear of her home in Chicago, when she was struck by a bullet fired by certain police officers of said city who, in the performance of their duties, were in pursuit of a thief in that vicinity.

Claimant alleges in substance that such police officers were then and there in the employ of the City of Chicago, a municipal corporation; that said City of Chicago was an agent of the State, whose duty it was to preserve the peace and tranquillity thereof; that by virtue of their offices and the laws of this State, such police officers were conservators of the peace; that they were in the performance of their duties when claimant's intestate was killed, and that her death was the result of the carelessness and negligence of such police officers; and claims that by reason of such facts the respondent is liable in this case for the pecuniary loss which the husband and next of kin of said decedent have sustained by reason of her death.

The Attorney General moves to dismiss the case for the following reasons:

1. Such police officers were in the employ of the City of Chicago, a municipal corporation capable of suing and being sued, and the State therefore is not liable for their acts.

2. The death of claimant's decedent occurred on September 25, 1931, and claim was not filed in this court until March 25, 1933, whereby the claim was barred by the provisions of Section two (2) of the Injuries Act of this State.

It is admitted that the police officers were appointed by and were agents of the City of Chicago. The State had no right to appoint them, had no control over their actions, and no right to discharge them. They were paid by the City of Chicago, and were in no sense agents of the State so as to bind the State by their acts in the performance of their duties, notwithstanding the fact that by virtue of their office, they were conservators of the peace of the State. There is no theory upon which the State can be held liable for their acts.

It has long been the rule in this State that a municipal corporation is not liable for the acts of its police officers in the performance of their duties. *Culver* vs. *City of Streator,* 130 Ill. 238; *Craig* vs. *City of Charleston,* 180 Ill. 154; *City of Chicago* vs. *Williams,* 182 Ill. 135-137.

In the cases cited, as well as numerous other cases in this State, our courts have uniformly held that a municipal corporation, in the exercise of its police powers, is not liable for the acts of its officers, even though in violation of the laws of the State and in excess of the legal powers of the city. The ground for such decision is that in the enforcement of its police regulations and in the promotion and preservation of the public and general welfare, a municipal corporation is exercising a governmental function, and in the exercise of such functions is not liable under the doctrine of *respondeat superior.*

The same rule applies with equal force to State officers. In this case there is no liability on the part of the State, because the police officers in question were the agents of the City of Chicago and not the agents of the State. However, even if they were agents of the State, the State would not be liable for their negligent acts which constitute the basis of this claim, for the reason that the State is not liable under the doc-

trine of *respondeat superior* for the negligence of its servants and agents.

It is suggested by the claimant that an award should be made on the ground of equity and good conscience.

The right of this court to make an award in any case on the ground of equity and good conscience was fully considered in the case of *Crabtree* vs. *State,* 7 C. C. R. 207, as well as in the case of *Morrissey* vs. *State,* No. 2235, decided at the January term, 1934, of this court. In those cases, we held in substance that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

The same conclusion was reached by this court in numerous previous cases. See *Schmidt* vs. *State,* 1 C. C. R. 76; *Jorgenson* vs. *State,* 2 C. C. R. 134; *Ryan* vs. *State,* 4 C. C. R. 57; *Watkins* vs. *State,* 6 C. C. R. 172; *Mercer* vs. *State,* 6 C. C. R. 20; *Peterson* vs. *State,* 6 C. C. R. 77; *Perry* vs. *State,* 6 C. C. R. 81.

The claimant has not established a case wherein he would be entitled to redress against the State if it were suable, and consequently we have no authority to make an award. It therefore becomes unnecessary to consider the second point raised by the Attorney General.

It is Therefore Ordered that an award be denied and the case dismissed.