(No. 1807—

ELSIE BAUMGART, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1934.*

SCOTT W. LUCAS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant seeks to recover damages for injuries which she sustained on July 12, 1930, near Delavan Junction in Tazewell County. Just prior to the time of the accident in ques-

tion, claimant was riding in an automobile in a northerly direction on S. B. I. Route No. 24. The automobile in which she was riding struck a hole in the pavement and was overturned, whereby the claimant avers that she sustained serious and permanent injuries, and her automobile was seriously damaged.

Claimant avers that it was the duty of the respondent to maintain said highway in good condition and repair, but that the respondent disregarded its duty in that behalf; that the respondent had notice or knowledge of such hole in the pavement, and that the claimant and the driver of the car in which she was riding were in the exercise of due care and caution at the time of the accident.

Claimant's right to an award is based upon the negligence of the respondent in maintaining said highway in a good and safe condition. Such negligence, however, does not give claimant the right to an award. This court has held in numerous cases that in the maintenance of its hard-surfaced roads, the State is exercising a governmental function. *Chumbler* vs. *State,* 6 C. C. R. 138; *Stoddard et al* vs. *State,* 6 C. C. R. 27; *Bucholz et al.* vs. *State,* 7 C. C. R. 241.

The law is well established that in the exercise of its governmental functions there is no liability on the part of the State for the negligence of its servants or agents. *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Morrissey* vs. *State,* 2 C. C. R. 254; *Tuttle* vs. *State,* 5 C. C. R. 3; *Peterson* vs. *State,* 6 C. C. R. 77.

There being no liability on the part of the State if it were suable, this court has no jurisdiction to allow an award. *Crabtree* vs. *State,* 7 C. C. R. 207; *Morrissey* vs. *State,* No. 2233, decided at the January term, 1934, of this court.

Award must therefore be denied and the case dismissed.