(No. 1813—

ELERY TASCHER, AND ELERY TASCHER, NEXT FRIEND OF CHARLES TASCHER, A MINOR, Claimants, vs. STATE OF ILLINOIS, Respondent.

Opinion filed March 12, 1935.

J. N. MOORE AND WENDELL P. KAY, for claimants.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant in this case alleges that on or about July 9, 1930, the State of Illinois, through its Highway Department and divers employees was engaged in the construction of a part of State Route No. 49, at a point on Route 49 about one mile south of its intersection with Route 8, Iroquois County, and had in its employ one Harold Seivert, who was driving a loaded truck over Route No. 49, and that this truck was being driven at about twenty-five miles per hour, and as the driver of the truck approached a point on Route No. 49 on which the home of the claimant abutted, he saw a

United States mail car or automobile immediately west of the shoulder on Route No. 49, and said Seivert also saw Elery Tascher driving a team of horses across Route No. 49 to a field to the west of the route.

The declaration also avers that Charles Tascher started across Route No. 49 in an easterly direction east of the car belonging to the mail carrier, but said Seivert, wholly disregarding his duty in that behalf, operated and drove his truck negligently and recklessly in such a manner, that he approached without warning the point on said Route No. 49 where said Charles Tascher was passing, and the truck was propelled with great force and violence against the head of said Charles Tascher, knocking him down, fracturing his skull and running over the right foot of the said Charles Tascher, crushing the muscles, tendons and ligaments in the foot.

It is also averred that the said Charles Tascher suffered permanent injuries; was confined to a hospital at Watseka, Illinois, for two weeks; that he incurred a hospital bill of $66.95, a doctor bill of $75.00, and a nurse bill of $64.00; that his mother boarded near the hospital to give him the care needed under the circumstances and for that expended the sum of $10.00.

Claimant also claims a permanent disfigurement to his right foot, and alleges that it will remain permanently shorter and much broader than his other foot and causes a considerable limp.

It is also averred that Charles Tascher tires easily, and this unfits him to do his share of the farm work, and that the right foot requires different shaped shoes than the one on the left foot; that his earning ability has been greatly impaired; that he now suffers and will suffer for the rest of his natural life, the humiliation and shame of being a cripple, and alleges damages in the sum of $3,000.00.

In the same declaration, Elery Tascher claims and avers that he paid the hospital bill, doctor bills, nurse's bill and the expenses of the boy's mother in the aggregate sum of $216.95, and that by reason of the injuries sustained by Charles Tascher, the services of said Charles Tascher has diminished in the sum of $500.00, and that by reason thereof, the said defendant is indebted to him in the sum of $716.95, for which he makes claim.

The case stands in this court on a motion to dismiss. While there may be other grounds for dismissing the same, that is, technical grounds on questions of pleading, we prefer to consider this case from the standpoint of whether or not the State of Illinois should be held liable. The Attorney General urges that the motion to dismiss should be allowed and the claimants barred from maintaining their alleged tort action for the reason that the doctrine or rule of *respondeat superior* has no legal application to a sovereign State in the exercise of a governmental function.

In the case of *Seymour* vs. *VanSlyck*, 8 Wend. 403, 422; *United States* vs. *Kirkpatrick*, 9 Wheat. 720, 723, it was held:

"The government itself is not responsible for the misfeasances, or wrongs, or negligences or omissions of duty of the subordinate officers of agents employed in the public service; for it does not undertake to guarantee to any persons the fidelity of any of the officers or agents whom it employs; since that would involve it, in all its operations, in endless embarrassments, and difficulties and losses which would be subversive to the public interest; and indeed, laches are never imputable to the government."

This rule has been followed and applied by this court in many instances where claims have arisen as the result of negligence of officers or servants of the State of Illinois.

In the case of the *City of Chicago* vs. *Williams*, 182 Ill. 135, on page 138, the Supreme Court, after reviewing certain cases concerning the liability of municipal officers said: "But where acts are done by the officers of towns and cities in their public capacity in the discharge of duties imposed by the law for the public benefit and for the promotion and preservation of the public welfare, no private action lies unless the right to bring it is expressly conferred."

While there may be some language in the Court of Claims Act to the effect that a case of the kind at bar could be maintained, in this court, we cannot ignore the express constitutional provisions, and must hold that there is no express right to bring a suit of this kind in this court.

The rule announced in the Williams case has been approved by our Supreme Court in many cases prior to that and also subsequent to that time.

Regrettable as it is, we must hold that neither claimant has set forth a cause of action against the State, and the motion to dismiss must be sustained for the reasons hereinbefore set forth. Case dismissed.