(No. 3049—

EDGAR G. MERWIN AND CARRIE MERWIN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

FREDERICK L. HABBEGGER, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This case is before the court on a motion to dismiss the complaint which consisted of two counts.

The first count alleges that Edgar G. Merwin was the owner of a Packard automobile, which he was driving in a northerly direction over State Highway No. 3, also known as United States Highway No. 67, between Jerseyville and Carrollton, Illinois, and that his wife, Carrie Merwin, was riding as a passenger with him; that they were in the exercise of due care and caution for their own safety and that of the property of the claimant, Edgar G. Merwin; that at the time the State owned and operated an automobile, and was operating the same by its servants; that as the claimants were traveling on the highway, without any warning, the servant of the State backed his car rapidly upon the highway at such time and in such a manner that the claimants could not avoid running into him, and both claimants suffered severe injuries.

Count I alleged damages in the sum of $5,000.00 and Count II alleged damages in the sum of $1,000.00.

A motion to dismiss was made by the Attorney General. We will consider that motion.

The facts set forth in the complaint are sufficient to show negligence on behalf of the servant of the State, a resulting injury and damages, and to show that the agent of the State was an employee of the Highway Department and that the State was engaged in a work that comes fairly within its governmental powers.

Many times this court has held that the State, in the construction and maintenance of its hard-surfaced highways, is engaged in a governmental function.

> *Chumbler* vs. *State*, 6 C. C. R. 136;
> *Highland* vs. *State*, 6 C. C. R. 384;
> *Bucholz* vs. *State*, 7 C. C. R. 241;
> *Wilson* vs. *State*, 8 C. C. R. 72;
> *Wetherholt* vs. *State*, 8 C. C. R. 100.

Also that in the exercise of such governmental functions it is not liable for the negligence of its servants or agents, in the absence of a statute making it so liable.

> *Braun* vs. *State*, 6 C. C. R. 104;
> *Chumbler* vs. *State*, 6 C. C. R. 138;
> *Bucholz* vs. *State*, 7 C. C. R. 241;
> *Baumgart* vs. *State*, 8 C. C. R. 220;
> *Childress* vs. *State*, 8 C. C. R. 223;

*Ryan* vs. *State,* 8 C. C. R. 361;
*Kramer* vs. *State,* 8 C. C. R. 31;
*Johnson* vs. *State,* 8 C. C. R. 67;
*Wilson* vs. *State* 8 C. C. R. 72.

Such decisions of this court are in harmony with repeated decisions of our Supreme Court.

*Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148;
*City of Chicago* vs. *Williams,* 182 Ill. 135;
*Minear* vs. *State Board of Agriculture,* 259 Ill. 549;
*Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234.

We must, therefore, sustain the motion to dismiss made by the Attorney General and deny an award.