(No. 3568— ▓▓▓▓▓▓)

JAMES STRONG, A MINOR, BY KENNETH B. STRONG, HIS FATHER AND NEXT FRIEND, AND KENNETH B. STRONG, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1941.*

HALL & HULSE, for claimants.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This complaint, consisting of two counts, alleges that James Strong, a minor, by Kenneth B. Strong, his father, and next friend, and Kenneth B. Strong, are claimants; that on the 21st day of December, 1938, James Strong, being then of the age of ten years, was enrolled in and attended Lincoln Grade School in the Village of Mundelein, County of Lake, and State of Illinois, a school being a free a public grade school conducted under the laws of the State of Illinois and located in School District No. 75 in the Village of Mundelein, and governed and supervised by the Board of Education of said School District No. 75.

That on that date and prior thereto there was situated upon the premises of the said school, for the use and recreation of the pupils attending the school, a devise or appliance commonly known as a slide, and James Strong attended the

school, and during recess on the afternoon of December 21, 1938, was using the slide. It is also charged that it was the duty of the Board of Education to use all due care, caution and diligence in the maintenance, control, management and operation of the slide so that it would be in a safe and proper condition, and free from any defects, having due and proper regard for the rights and safety of all persons lawfully and rightfully thereupon, and particularly the pupils of the school, so as to avoid or prevent any injury to any such person or persons, but notwithstanding this fact, and disregarding its duty in this behalf, the respondent, meaning the State of Illinois, carelessly and negligently and improperly failed to keep. and maintain the slide in a safe and proper condition, and permitted it to become defective and in a dangerous and unsafe condition, and that by means of the premises and the negligence of the respondent, aforesaid, and as the direct and proximate result thereof, the said James Strong, while using this slide fell to the ground below with great force and violence, and was greatly hurt and bruised; and the usual averments contained in a common law complaint concerning his injuries are made therein.

The second count is largely repetition of the first count, and in addition thereto alleges that as a direct and proximate result, and in consequence of the fall, the claimant James Strong became inflicted with and is still suffering from an ailment known as Osteomyelitis.

The complaint is sworn to and a Bill of Particulars is filed showing hospital bills, nurses bills, medical bills, totaling $3939.16, and alleging that there are other and continuing expenses, and damage is asked sufficient to be an adequate allowance and compensation, so as to pay all bills and for such other and further relief as to the court should seem meet.

The Attorney General has made a motion to dismiss on the grounds that complaint does not set forth a claim which the State of Illinois, as a sovereign commonwealth, should discharge and pay.

The claimants' claim is predicated on alleged liability of respondent while engaged in a governmental function because of the negligence and wrongful acts of its officers, agents or employees.

In the case of *Crabtree* vs. *State,* 7 C. C. R. 207, this court held that the Court of Claims has jurisdiction to recommend

an award only where the State would be liable in law or in equity in a court of general jurisdiction if it were suable, and we have many times held that in the exercise of its governmental function the State is not liable for the negligence of its servants or agents in the absence of a statute making it so liable.

We have also held that the doctrine of respondeat superior does not apply to the State of Illinois.

In the case of *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. page 234, the Supreme Court of this State held that the principles on which freedom for liability for damages occasioned by servants of a municipality in performing governmental functions is based rests on the fact that the duty of the municipality is owed to the public.

The complaint in this case, however, does not charge the State of Illinois as a matter of law of having any control over the playgrounds of the school. In the Gebhardt case last above referred to, it was also held that in the absence of a statute imposing such liability a city or village maintaining a swimming pool for the public benefit under the Statute is not pecuniarily liable for the negligence of its officers or servants in the discharge of their duties relating to that particular function as the municipality in such case is engaged in a governmental and not proprietary function, and the fact that a fee is charged for the use of the pool does not destroy its character as a public place for recreation and health.

Other Supreme Court cases sustaining this doctrine are:

*Hollenbeck* vs. *County of Winnebago* 95 Ill. 148;
*City of Chicago* vs. *Williams* 182 Ill. 135;
*Minear* vs. *State Board of Agriculture* 259 Ill. 549.

Therefore the motion of the Attorney General will be sustained and an award denied.