(No. 3766—)

JOHN M. DURRETT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1943.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant seeks an award in the sum of $598,000.00. The complaint alleges that on November 21, 1938, claimant was forcibly seized and taken into custody without authority of law in Randolph County, Illinois, immediately following the expiration of a sentence in the Illinois State Penitentiary located at Menard, Illinois, for violation of law imposed upon him by the Criminal Court of Cook County.

He alleges that he was seized, committed and confined in the Illinois Security Hospital from November 21, 1938, until December 18, 1941, at which time he was transferred to the Illinois State Hospital for Insane at Manteno, Illinois, from which he was released on March 30, 1942.

He alleges that all charges of insanity, nervous or mental disease, were without foundation, and that he has suffered great disgrace as the result of acts by the public employees of respondent.

The record discloses that on the 21st day of November, 1938, the claimant was declared to be insane by the County Court of Randolph County, Illinois, after a full hearing in said court; that warrant of commitment was duly issued ordering said claimant to be delivered to the Superintendent of the Illinois Security Hospital for Insane at Menard, Illinois, which said warrant of commitment was duly executed and claimant was delivered to said institution.

Claimant remained in said Illinois Security Hospital by virtue of said order of commitment until December 4, 1941, at which time he was transferred to the Manteno State Hospital for Insane, Manteno, Illinois, under special order number 6972 dated November 29, 1941. His confinement continued in the last named State Hospital until March 30, 1942, when he was released.

The Attorney General files a motion to dismiss this complaint for the reason that claimant's complaint does not set forth a claim which the State of Illinois, as a sovereign commonwealth should discharge and pay, in that claimant seeks an award predicated only on the basis of equity and good conscience, and not upon a legal or equitable basis established

by either the decisions of the courts of this State, the Constitution or statute.

We have repeatedly held in this court that in the exercise of its governmental functions the State is not liable for the negligence of its servants or agents, in the absence of a statute making it so liable. *Braun* vs. *State,* 6 C. C. R. 104; *Chumbler* vs. *State,* 6 C. C. R. 138; *Bucholz* vs. *State,* 7 C. C. R. 241; *Kelly* vs. *State,* 9 C. C. R. 339; *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 289 Ill. 549; *Gebhart* vs. *Village of LaGrange,* 354 Ill. 234.

And further it has been held by this court that the Court of Claims has jurisdiction to recommend an award only where the State would be liable in law or in equity in a court of general jurisdiction if it were suable. *Crabtree* vs. *State,* 7 C. C. R., 207.

This claimant was duly committed by virtue of an order of commitment from the County Court of Randolph County, Illinois. The employees of the respondent at the time of said order of commitment cannot be held responsible to claimant for the actions, judgments and orders of a court of competent jurisdiction and by no stretch of the imagination would this court be justified in entering an award in this case.

The motion of the Attorney General is allowed. Claim dismissed.