# HANNAH HOLLENBECK, Admx.

*v.*

# COUNTY OF WINNEBAGO *et al.*

*Filed at Ottawa May 18, 1880.*

1. MUNICIPAL CORPORATIONS—*liability to private action for negligence.* At common law a private action will not lie against a county for injuries occasioned by the negligence of its servants or officers in respect of the performance or non-performance of their duties. And there is no distinction, in the application of this rule, between the neglecting to do or perform an act which ought to have been performed, and the performance of the duty in a negligent manner.

2. Nor has the statute provided any such remedy, or declared any liability on the part of a county in that regard.

3. NEGLIGENCE—PLEADING—*liability of individuals for negligence in the erection of a public building.* While it is doubtless true that where a person, who is employed as a laborer in the erection of a building, receives a personal injury through the negligence of the owner or person who has the exclusive charge of the erection of the building and furnishing of materials therefor, he may recover for such injury as against such owner or person, he having himself exercised due care to guard against the danger,—yet, in order to avail of the remedy, it must appear that the person thus sought to be held liable had such an exclusive control over the erection of the building in respect to the plan of the structure, the materials to be used, etc., as would have enabled him to avoid or avert the danger.

4. So, where a county, engaged in the erection of a court house, appointed, through its county board, a building committee, consisting of several persons, and also appointed a superintendent, giving to the committee and to the superintendent certain powers and imposing upon them certain duties, in respect of the construction of the building, and while the building was in process of erection a portion of it fell and killed one of the men employed upon the work, in an action by the administrator of the workman killed, against the county, the building committee, and the superintendent, it was averred in the declaration that, "whereas, the defendants, on etc., were possessed and had the supervision and control of a certain building, * * which building was then and there being erected by and under the supervision and control of the defendants, * * who ought to have kept the same in good and safe condition while the same was being so erected, * * yet the defendants, not regarding their duty in that behalf, while they were so possessed and had the supervision and control of the erection of the building," etc. It was *held*, it did not sufficiently appear from these averments, in order to charge the

individual defendants, that they had exclusive control in the furnishing of materials, selecting the plans, and erecting the building, and such exclusive control was essential to fix their liability.

5.   The charging of joint negligence against 'the county and the individual defendants, and a joint control in the matter of erecting the building, was not enough to charge the individual defendants, when considering the question of their liability as separate and distinct from the alleged liability of the county, and independently of the question whether the county was liable at all.

6.   Moreover, there was no averment that the individual defendants selected the plan for the building, or had any legal right so to do, or that they selected the materials, or directed as to the manner in which the materials should be used.   The statute confers upon the county board the power to erect and keep in repair the county buildings, and that power can not be delegated so as to deprive the county board of the control over the manner of erecting such buildings.

7.   And so far as the averments mentioned are concerned, it does not appear what powers or duties had been conferred or imposed upon the building committee or the superintendent by the county board, or that they were given any control whatever over the plans, or the materials to be used, or other matters affecting the manner of the erection of the building with a view to its safety.

8.   It appeared from other averments in the declaration that the individual defendants derived their powers, whatever they were, from the county board which appointed them, it being alleged that the building committee and the superintendent were thereby given certain described authority and control over the erection of the building,—but the pleader, instead of averring his own conclusion as to the character of the power conferred by the county board, should have averred the facts, so that the court could determine for itself, from those facts, the real character of the power conferred and of the duties imposed, and thus been enabled to ascertain the true measure of responsibility resting upon those charged with the duties and vested with the power.

9.   When the plaintiff's right consists in an obligation on the defendant to observe some particular duty, the declaration must state the nature of such duty, whether the duty arises out of a contract between the parties, or exists on the obligation of law in view of the defendant's particular character or situation.

Appeal from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Winnebago county, the Hon. John V. Eustace, Judge, presiding.

Mr. N. C. WARNER, for the appellant:·

A county is no more a part of the sovereignty of the State than a city; both are created by statute. A county is a body corporate and politic, capable of suing and being sued, etc. Rev. Stat. 306, sec. 22.

It has the express power to make all contracts, and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers. Ibid. sec. 24.

Through its board it has power to take and have the care and custody of all real and personal estate owned by it, and to manage the county funds and business, except as otherwise provided, and to levy and have collected taxes for county purposes. Ibid. sec. 25.

And it is made the duty of the board to erect or otherwise provide, when necessary and the finances of the county will justify it, and keep in repair, a suitable court house, etc. Ibid. sec. 26.

Whatever may have been the common law rule as to the liability of counties for neglect of duty imposed by law on the officials thereof, suit may now be brought against them as corporations, and they are responsible as such for the acts of their officers, either of omission or commission in the sphere of their appropriate duties as required by law, in the same manner as the officers of other corporations.

It is not disputed the county would be liable upon its contract to build a court house in a proper case; yet the statute is silent as to the particular manner of such liability as it is in respect to its liability for torts growing out of such a contract. It simply contains a broad provision that it may sue and be sued. *House* v. *Commissioners of Montgomery County*, 60 Ind. 580.

The Iowa decisions are valuable because based upon the statutory powers, and they are uniform that the defendant county is liable. *Wilson & Gustin* v. *Jefferson County*, 13 Iowa, 181; *Brown* v. *Jefferson County*, 16 id. 339; *Kendall* v.

*Lucas County*, 26 id. 395; *Taylor* v. *Davis County*, 40 id. 295. See also, *Commissioners of Anne Arundel County* v. *Duckett*, 20 Md. 468; *Wheeler* v. *Troy*, 20 N. H. 77; *Dean* v. *New Milford Township*, 5 Watts & S. 545; *Erie City* v. *Swingle*, 22 Pa. St. 384.

In this case the county built a court house, as it had a right to do, but, in doing it, proceeded so negligently and unskillfully that a large portion of it fell in, and the plaintiff's intestate, while faithfully performing his labor thereon, "exercising all due care and diligence," thereby met a horrible death; therefore, the county is liable upon settled principles. Citing *Conrad* v. *Trustees of Ithaca*, 16 N. Y. 171; *Mayor of New York City* v. *Furze*, 3 Hill, 618; *Rochester White Lead Co.* v. *City of Rochester*, 3 Com. 467; *Barton* v. *City of Syracuse*, 36 N. Y. 54; *Emery* v. *Lowell*, 104 Mass. 13; *Child* v. *Boston*, 4 Allen, 41; *McGregor* v. *Boyle*, 34 Iowa, 268; *Requa* v. *City of Rochester*, 45 N. Y. 129; *Haines* v. *Lockport*, 50 id. 236; *McCarty* v. *City of Syracuse*, 46 id. 194; *Lloyd* v. *Mayor of New York*, 1 Seld. 369; *Baker* v. *Boston*, 12 Pick. 184; *Thayer* v. *Boston*, 19 id. 511; *The People* v. *Corporation of Albany*, 11 Wend. 544.

The declaration shows the acts which caused the injury were done under and in consequence of the direction of the county, upon its adopted plans. In such case, the county also having retained the supervision and control of the building during its progress of erection, is to be regarded as the superior, and responsible as such, although it did the work by contract. *Nevins* v. *City of Peoria*, 41 Ill. 503; *Baker* v. *Boston*, 12 Pick. 184; *Thayer* v. *Boston*, 19 id. 511; *Scott* v. *Mayor*, 37 Eng. Law and Eq. 495.

The defendants are jointly and severally liable for a joint tort. All persons concerned in a wrong are liable to be charged as principals. *Sands* v. *Child*, 3 Lev. 352; Story on Agency, sec. 309; Smith's Master and Servant, 245–6; *Regina* v. *Longton Gas Co.* 2 Ell. & Ell. 651; *Rowe* v. *Addison*, 34 N. H. 306; *Montfort* v. *Hughes*, 3 E. D. Smith, 691; *Richt-*

*myer* v. *Richtmyer,* 50 Barb. 55; *McIntosh* v. *Ensign,* 28 N. Y. 173.

Even if the county was not liable, the contractors and others were, and it was error to sustain the demurrer to the whole declaration. *Board of Comrs.* v. *White Water Valley Canal Co.* 2 Ind. 165.

The defendants, Ferguson, Latham, Haines, Mackey, Merritt, Herring and Kirk, are jointly and severally liable in their capacity as supervisors, and the court erred in sustaining the demurrer to the declaration so far as it charged such defendants. *Turney* v. *Smith,* 86 Ill. 391; *Adsit* v. *Brady,* 4 Hill, 632; *Gardner* v. *Hearth,* 2 Barb. 168; *Vandenburg* v. *Truax,* 4 Denio, 465; *Latham* v. *Roach,* 72 Ill. 179; *Conner* v. *Adams,* 13 Hun. N. Y. 427; *Robinson* v. *Chamberlain,* 34 N. Y. 387.

Mr. J. C. GARVER, and Mr. WILLIAM LATHROP, for the appellee:

Upon the point of the non-liability of the county, except in cases where the action is expressly given by statute, we cite the following authorities: *Askew* v. *Hale Co.* 54 Ala. 639; *City of Richmond* v. *Lang's Admrs.* 17 Gratt. 375; *Wheatly* v. *Mercer Co.* 9 Bush, 704; *Crowell* v. *Sonoma Co.* 25 Cal. 313; *Wehn* v. *Comrs. of Sage Co.* 5 Neb. 494; *Freeholders of Sussex* v. *Strader,* 3 Harr. 108; *Cooley* v. *Freeholders of Sussex,* 3 Dutch. 415; *Hamilton Co.* v. *Mighels,* 7 Ohio St. 109; *Eastman* v. *Meredith,* 36 N. H. 284; *Riddle* v. *Locks, etc.* 7 Mass. 169; *Mower* v. *Leicester,* 9 id. 256; *Chidsey* v. *Town of Canton,* 17 Conn. 475; *Beardon* v. *St. Louis Co.* 36 Mo. 555; *Soper* v. *Henry Co.* 26 Iowa, 264; *Ward* v. *Hartford Co.* 12 Conn. 404; *Bigelow* v. *Randolph,* 14 Gray, 541; *Fisher* v. *Boston,* 104 Mass. 87; *Oliver* v. *Worcester,* 102 id. 499; *Hill* v. *Boston,* 122 id. 344; *Finch* v. *Board of Education,* 30 Ohio St. 37; *Hedges* v. *Madison Co.* 1 Gilm. 567; *Schuyler Co.* v. *Madison Co.* 4 id. 20; *Waltham* v. *Kemper,* 55 Ill. 346; *Russell* v.

*Steuben,* 57 id. 35; *White* v. *Bond Co.* 58 id. 297; *Symonds* v. *Clay Co.* 71 id. 355.

The power to erect a court house is vested by statute in the county board, and must be exercised by it as a board or not at all.  *Birdsall* v. *Clark et al.* 73 N. Y. 73; *Thompson* v. *Schimerhorn,* 2 Seld. 92; *East St. Louis* v. *Wehrung,* 50 Ill. 28; Dill. Mun. Corp. sec. 66.

The county and the other defendants could not have been jointly guilty of the act charged.  The law gave the county alone the power to build the court house, and no one else could act with the county.  Therefore the demurrer was properly sustained as to all the defendants.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by Hannah Hollenbeck, administratrix of the estate of Almarin Hollenbeck, deceased, against the County of Winnebago, Duncan Ferguson, F. E. Latham, Anthony Haines, Hugh Mackey, Jo B. Merritt, John R. Herring and Jonathan H. Kirk, to recover for the death of Almarin Hollenbeck, who was killed by the falling of a portion of the court house while it was being erected, the deceased, at the time, being engaged as a workman on the building.  The declaration contained five counts. The first count was as follows:

For that whereas the defendants, before and on the 11th day of May, A. D. 1877, were possessed and had the supervision and control of a certain building, situate on a certain piece or parcel of land in the county of Winnebago aforesaid, before that time dedicated to the use and purpose of a court house square or site, and which building was then and there being erected by and under the supervision and control of the defendants as and for a court house, for the county aforesaid, and in pursuance of a resolution of the Board of Supervisors of Winnebago county aforesaid, before that time duly passed therefor, and ought to have kept the same in good and safe condition while the same was being so erected as aforesaid; yet

the defendants, not regarding their duty in that behalf while they were so possessed and had the supervision and control of the erection of the court house building aforesaid, to-wit: on the 11th day of May, A. D. 1877, there wrongfully and negligently suffered the same to be and remain in a bad and unsafe condition, and to be erected in a negligent and unsafe manner, and the main pavilion to said court house building to rest, on three sides thereof, upon iron girders without sufficient lateral stiffness, and the ends of said girders resting upon the front wall to said main pavilion without sufficient bearing upon said front wall; and certain iron pillars, supporting certain parts of said building, to stand upon certain brick piers insufficient in size and strength to support the weight placed upon said iron pillars, by means whereof a large portion of said building fell, and the plaintiff's intestate, who was then and there lawfully engaged, as a brick mason, in labor upon the main pavilion, and upper portion of said court house building, in the erection thereof, and while the said plaintiff's intestate, to-wit: Almarin Hollenbeck, with all due care and diligence, was so engaged in the performance of his said labor, on said building as aforesaid, was cast down with great force and violence, and buried in the ruins of such portion of said building as so fell, as aforesaid, and was thereby then and there killed. And the plaintiff avers that the said Almarin Hollenbeck left him surviving the plaintiff, his widow, and one Frank Hollenbeck, his minor son and next of kin, who are still living; and that by reason of the death of said Almarin Hollenbeck, as aforesaid, the said plaintiff has been and is deprived of her means of support; and the said Frank Hollenbeck has been and is deprived of his means of support and education.

The fifth count charges, the defendant county lawfully engaged in the erection of a court house for Winnebago county, and the other defendants lawfully engaged as a building committee in supervising and controlling the erection of the building under an appointment by the board of supervisors,

and that defendant Latham was engaged as superintendent under a like appointment of the board; that defendants had supervision and control of the building so far as to select suitable plans, employ suitable material and create suitable structures therefor, suitable both in size and material to make the building safe and fit for use by persons having business on the same during its erection. Then follows the averment that the defendants carelessly and negligently suffered the building to be erected on a weak and insufficient structure; that it fell of its own weight; also suffered unsafe and insufficient plans to be used in the erection of the building, and employed an incompetent superintendent, etc., by means whereof, etc.

The second count is similar to the first, except it is therein averred that the building was being erected in pursuance of the terms of a written contract duly made, by reason whereof it was the duty of the defendants to adopt a good and sufficient plan and to make a contract for the erection of a safe building. Then follows the breach negativing these duties and averring wherein the building was unsafe, etc.

In the third count it is averred that the county of Winnebago, together with the other defendants, who were a building committee chosen by the board of supervisors, entered into a contract in writing with one Richardson for the erection of the court house, and by the terms of the contract defendants, the county by its board, committee, agent or superintendent, had the right at all times to visit and inspect the building and require any change in the construction of the building; that defendant Latham was by a vote of the board chosen superintendent, and acted as such; that defendants had the control of the contractor and power to control the use of materials, by means whereof defendants ought to have kept the building reasonably safe for persons lawfully on the same. Then follows the breach specifically negativing the allegations of duty.

The fourth count is in substance like the second.

A demurrer both general and special was interposed by the defendants to each count of the declaration, which the court sustained, and the plaintiff elected to abide by the declaration. Judgment was rendered against her for costs, to reverse which she appealed.

The only question to be determined is, whether a legal cause of action is set out in either count of the declaration. It is contended that the seven individual defendants may be held liable even if an action can not be sustained against the county. We will, therefore, consider first the liability of the individual defendants; second, that of the county.

It is no doubt true, where a person is employed as a laborer in the erection of a building and receives a personal injury through the negligence of the owner or person who has the exclusive charge of erecting the building and furnishing the material, he may recover for the injury, when he has exercised due care to guard against the danger. But we find no averment in the declaration that these individual defendants were the owners of the building, or that they had the exclusive control in furnishing materials, devising plans and erecting the building. The declaration, it is true, undertakes to charge against the individual defendants and the county of Winnebago joint negligence in not preparing proper plans for the court house, and in not using the materials in the manner they should be used in order that a building might be erected as safe and strong as should have been erected to conduce to the safety and security of the laborers engaged in working on the building, but it is not averred that these individual defendants selected these plans or had any legal right to select them, or that they gave the plans their sanction or approval. Nor is it averred that the individual defendants selected the material from which the building was erected, nor did they direct as to the manner in which it should be used. These individual defendants may have acted with the county and at the same time had no control over the plans of the building or the quality of material to be

used, or the manner in which it should be used, and if this was the case, it is difficult to perceive how they could be individually liable.

Again, under section 23 of chapter 34 of the Revised Statutes of 1874, the powers of the county as a body politic or corporate shall be exercised by a county board.  Section 26 of the same statute declares it shall be the duty of the county board of each county to erect or otherwise provide, when necessary and the finances of the county will justify it, and keep in repair, a suitable court house, jail and other necessary county buildings.  Under this statute the county board could not confer the power.

In the first count of the declaration it is averred that the county and the individual defendants had the supervision and control of the building which was being erected for a court house, but the count is manifestly bad as to the individual defendants, for the reason it fails to aver that they were owners of or had the exclusive control.  It does not appear from the averments of this count, as it should, that the individual defendants had any power whatever over the plans of the building or the character of the material to be furnished. Suppose these defendants were acting jointly with the county, it by no means follows that the county board had parted with its power or delegated its authority to them.  For aught that appears each averment of the count may be true, and at the same time the individual defendants may have been powerless to change a single plan or give any directions in regard to the character or quality of the material of which the building was being constructed.

So far as appears from this count they had no more authority than the decedent, who was employed as a laborer on the building, and, under such circumstances, to hold them individually liable for matters over which they had no control, would be a violation of the fundamental principles of the law.

We now come to the fifth count.  Here, it is averred that the county of Winnebago was engaged in the erection of the

court house, and six of the individual defendants were engaged as a building committee in supervising and controlling the erection of the building, under an appointment from the board of supervisors, and that defendant Latham was engaged as superintendent under a like appointment.

Then follows an averment that all of the defendants had the supervision and control of the building so far as to select suitable plans, employ suitable material and create structures suitable in size and material to make the building safe, etc.

This count is liable to the same objection as the first, in this, that it fails to aver that the individual defendants could exercise the exclusive control; but it is liable to another objection. These individual defendants, as appears from the averments of the count, derived their power, whatever it was, from a resolution of the county board, under which they were appointed. Now, it was not enough for the pleader to aver, as his conclusion, that the supervision and control they had, gave them the authority to make or alter plans or furnish suitable material, but he was required to aver the facts, so that the court could see whether a responsibility rested upon them or whether a duty to be observed arose from those facts. The authority under which they acted should have been fully and clearly set out.

The mode of declaring, when the defendant is under any particular obligation of duty, is stated by Chitty, vol. 1, page 383, in the following language:

"When the plaintiff's right consists in an obligation in the defendant to observe some particular duty, the declaration must state the nature of such duty, which, we have seen, may be founded either on a contract between the parties or on the obligation of law arising out of the defendant's particular character or situation."

In *Bartlett* v. *Crozier*, 17 Johns. 438, which was an action against an overseer of highways to recover damages for a breach of duties, as to the sufficiency of the declaration it is said: "The duties of the overseer are all created and pre-

scribed by the act regulating highways, and if an action will lie, it must be founded upon a breach of the duties there enjoined. The declaration ought to have stated specially the cause of action arising under the statute. It ought to have stated specially every fact requisite to enable the court to judge whether there has been a breach of duty."

So here, the powers and duties of the board of supervisors are clearly defined by statute, and if that board appointed a committee and clothed it with certain power to act, so that a duty was imposed upon it, each and every fact in connection with the appointment and authority should have been clearly set out in the declaration.

As respects the second and fourth counts of the declaration, they are so similar to the first that what has been said in considering that count will govern them.

As to the third, it is not so different from the others as to render a separate discussion of its averments necessary. We are satisfied that neither of the counts is sufficient to impose a liability on the individual defendants.

This brings us to the consideration of the liability of the county, which is the most important question in the case. If the action can be maintained, does it lie at common law, or by statute? As respects the common law liability of a county for the negligence of its officers or agents, the question has frequently arisen in different forms in the courts of England and this country, and as we understand the authorities, we regard the question well settled that there is no common law liability.

Dillon, in his work on Municipal Corporations, sec. 762, after a discussion of the question and a reference to authorities, concludes as follows: "Accordingly, in the different States, organizations, such as counties, townships, school districts, road districts and the like, though possessing corporate capacity and power to levy taxes and raise money, have been very generally considered not to be liable in case or other form of civil action, for neglect of public duty, unless such liability be expressly declared by statute." See also, Addison

on Torts, vol. 2, page 1298, where the same doctrine is announced.

At an early day in Massachusetts, in *Riddle* v. *Proprietors, etc.* 7 Mass. 169, PARSONS, C. J., in delivering the opinion of the court, said: "We distinguish between proper aggregate corporations and the inhabitants of any district who are by statute invested with particular powers without their consent. These are in the books sometimes called *quasi* corporations. Of this description are counties and hundreds in England, and counties, towns, etc., in this State. Although *quasi* corporations are liable to information or indictment for a neglect of public duty imposed upon them by law, yet it is settled in *Russell* v. *Inhabitants of the County of Devon,* that no private action can be maintained against them for a breach of their corporate duty, unless such action be given by statute."

In the late case of *Hill* v. *Boston,* 122 Mass. 344, the court, in an elaborate opinion and an exhaustive review of the authorities, both English and American, adhere to the same doctrine. Referring to the case cited *supra,* in connection with the case of *Mower* v. *Leicester,* 9 Mass. 247, it is said: "These cases have ever since been considered as having established, in this commonwealth, the general doctrine that a private action can not be maintained against a town or other *quasi* corporation for a neglect of a corporate duty, unless such action is given by statute."

In *Bartlett* v. *Crozier,* 17 Johns. *supra,* which was an action against an overseer of highways, at the suit of an individual, for an injury which he had sustained in consequence of the neglect of the overseer to keep a bridge in repair, it was held, Chancellor KENT delivering the opinion of the court, and citing *Russell* v. *The Men of Devon* as an authority, that the action would not lie.

In New Jersey it has been held that counties and towns are not liable to private action for injuries occasioned by defective highways and bridges, although towns and counties under the statute of this State are made corporations with power of

suing and being sued.   *Cooly* v. *Freeholders of Essex*, 3 Dutch.
415; *Livermore* v. *Freeholders of Camden*, 5 id. 245.   The
same rule of law is declared in Michigan.   *Comr. of High-
ways* v. *Martin*, 4 Mich. 557.

The question whether an action could be maintained against
a county for a failure to keep in repair a bridge on a highway,
a duty enjoined on the county by statute, first arose in this
State, in *Hedges* v. *The County of Madison*, 1 Gilm. 567, and
it was held, citing with approval the English case of *Russell*
v. *The Men of Devon*, that although counties were by statute
authorized to sue and be sued, the action would not lie against
a county unless expressly given by statute.

In *Schuyler County* v. *The County of Mercer*, 4 Gilm. 20,
the question arose whether a county, in the absence of a
statute conferring the right, could be sued, and it was ex-
pressly held that independent of a special statute counties
have no common law right to sue, nor can they be sued.

In *The Town of Waltham* v. *Kemper*, 55 Ill. 346, an action
was brought by the plaintiff against the town, to recover
damages for personal injuries received on a public highway
which the town had suffered to be and remain out of repair,
and which, under the statute, it was the duty of the town to
keep in good condition.   It was there held that while such
corporations as villages, incorporated towns and cities are
liable to private actions for injuries which an individual may
sustain by reason of the neglect of the corporate authorities
to keep their streets and sidewalks in repair, there is a dis-
tinction between that character of corporations and towns
established by law as civil divisions of a county,—the latter
not being liable, either by the common law or any statute of
the State, to private actions for injuries occasioned by the
neglect of the town officers to keep the highways in repair.
In this case *The Town of South Ottawa* v. *Foster*, 20 Ill. 296,
was overruled, and the earlier cases on the question approved.
The same doctrine was announced in *Bussell* v. *Town of Steuben*,
57 Ill. 35.

In *White* v. *The County of Bond,* 58 Ill. 298, where an action on the case was brought by the administrator of White, deceased, against the county, for wrongful neglect in keeping a bridge over a certain creek in good repair, by means whereof the deceased lost his life, after referring to and approving the former decisions of the court on the same subject, it was held that no action could be maintained against the county.

Again, in *Symonds* v. *Clay County,* 71 Ill. 355, an action on the case was brought to recover for damage done plaintiff's land by means of fire which had spread from the poor farm, belonging to the county, through the negligence of the servants of the county in charge of the farm, and it was held that the county was not liable at common law or by statute. It is there said: "Unless made so by express legislative enactment counties are not considered liable to persons injured by the wrongful neglect of duty, or wrongful acts of their officers or agents, done in the course of the performance of corporate powers, or in the execution of corporate duties."

Indeed, the decisions in this court, beginning with the *Hedges case,* in 1 Gilman, and ending with the case last cited, are uniform to the effect that no corporate liability exists against *quasi* corporations, such as counties and towns.

No reason is perceived why a county should be held to respond in damages for the negligence of its officers while acting in the discharge of public corporate duties enjoined upon them by the laws of the State. Counties are but local subdivisions of the State, established by the sovereign power of the State, clothed with but few corporate powers, and these not of a private, but rather of a governmental character, relating to the support of the poor, the making of public highways and the general administration of justice within their respective boundaries. In fact, the powers and duties of counties bear such a due analogy to the governmental functions of the State at large that as well might the State be held responsible for the negligent acts of its officers

as counties.  They stand in many respects upon the same footing.  The one as well as the other is organized for political purposes.  But it is said this case differs from the authorities cited in this, that the alleged negligence was affirmative in character, imputed to the county itself.  The authorities, however, do not seem to make a distinction between the negligence of a town or county in failing to observe a duty and the performance of that duty in a negligent manner.  In *Hamilton Commissioners* v. *Mighels,* 7 Ohio St. 109, where a witness attending court fell into the cellar of the building and was injured, on account of the defective manner in which the court house was constructed, it was held, in an able and elaborate opinion, that the county was not liable.

In *Eastman* v. *Meredith,* 36 N. H. 284, where a legal voter of the town attended a town meeting at the town house, the floor of which gave way and fell in consequence of the negligent and improper manner in which it was constructed, it was held, that an action would not lie against the town for an injury received, although it was the duty of the town to provide a safe and suitable place for holding town meetings.

In *Freeholders of Sussex* v. *Strader,* 3 Harrison, 108, it is said: "It is the duty, for instance, of the board of freeholders to erect and keep in repair court houses and jails;—a neglect to do so may occasion great inconvenience, perhaps positive loss and injury to some individual whose business or duty requires his attendance at court.  The building, by being old and out of repair, may give way and break a man's limbs or occasion him injury in some other way, but no one will pretend that in such case an action would lie by the person injured against the county."  See also, *Bigelow* v. *Randolph,* 14 Gray, 542, and *Hill* v. *Boston,* 122 Mass. 344.

After a careful examination of the authorities, we perceive no ground upon which it can be held that the county at common law is liable.  Nor do we find any statute that imposes a liability upon the county in a case of this character.  The county is but a *quasi* corporation with limited powers.  Under

the statute it may sue and be sued, it has power to purchase and hold real and personal estate necessary for the use of the county, to make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers. The county board has power to manage the county funds and county business, to examine and settle all accounts against the county, to cause to be annually levied and collected taxes for county purposes. It is also the duty of the county board to erect or otherwise provide, when necessary and the finances will justify it, and keep in repair, a suitable court house, jail and other necessary county buildings. These and a few other similar provisions constitute the duties and powers enjoined upon and delegated to the county, and the county boards of the several counties, by the legislature, but there is no provision of the statute which confers a right of action in favor of an individual against a county for a negligent act of the county or its board in the transaction of the affairs of the county. Suppose a judgment should be obtained against the county in a case of this character, there is no statute which authorizes the levy and collection of a tax for the purpose of paying such a judgment. No funds have been provided to meet a case of this description, and no means devised by which money could be raised, doubtless for the very reason that it was not supposed that a liability existed.

The conclusion which we have reached, then, is that no action can be maintained, either at common law or by statute, as against the county.

The demurrer was, in our judgment, properly sustained and the judgment must be affirmed.

*Judgment affirmed.*

DICKEY, J., dissenting: I concur in the opinion and judgment in so far as it holds that the demurrer in behalf of the county was properly sustained. But I think this declaration on its face shows a cause of action against the other defend-

ants. The first count says they "were possessed and had the supervision and control of a certain building" which was then "being erected" for a court house by them under their supervision and under their control, and that they "wrongfully and negligently suffered the same to be and remain in an unsafe condition, by reason whereof the building fell and killed plaintiff's intestate, who was lawfully upon the building, exercising due care."

I can not conceive that, to make this declaration good upon its face, plaintiff should allege that defendants' possession, supervision and control were lawful. It is argued, from certain statements in other counts, that they did not have full power in relation to materials and plans. This may be true in point of fact, and may be good in defence on trial of facts, but this count says they had the possession, supervision and control, and that the wrong was of their negligence, while decedent used due care. If the county had been left out of the action and the building had not been alleged to be for a court house, I question whether any one would doubt the sufficiency of this count. I can not think these allegations vitiate it. It does not lie in the mouth of defendants, if it be true that they had possession and control, to say they had no lawful right to such possession or control.