(Nos. 517-517a—Claim denied.)

DAVENPORT FISH COMPANY, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed September 14, 1926.*

RESPONDEAT SUPERIOR—*State not liable for the torts of its employees.* The doctrine of *respondeat superior* is not applicable to the State and it is not liable for the torts of its agents or officers.

POLICE POWERS—*State not liable for injuries resultant to the enforcement of police powers.* The State is not liable for the acts of its officers in the enforcement of the police powers of the State.

MARSHALL & MARSHALL, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

The Davenport Fish Company, an Iowa corporation having its principal place of business in the city of Davenport, is engaged in the wholesale buying and selling of fish, oysters and celery and like products in Iowa and various other states, including the State of Illinois. This company filed two claims for damages against the State, one for $266.00 and one for $408.62. The claims are based on the seizure and confiscation by representatives of the Department of Agriculture, Division of Game and Fish, of two shipments of fish to Chicago, and seventeen shipments to other cities and villages in Illinois. These shipments were all made by claimant from Davenport in the State of Iowa.

The Attorney General filed a general demurrer to the declaration in each case, and evidence has been taken as if pleas of general issue had been filed. The State introduced no evidence and contends that it is not liable for the damages claimed. The principles involved in the two cases are the same, and they have been consolidated and heard as one.

The evidence shows that on October 31, 1919, the claimant shipped by express from Davenport, Iowa, to the Booth Cold Storage Company, of Chicago, 1000 pounds of black bass and on the 7th day of November, 1919, 330 pounds of black bass to be frozen. The two shipments were valued at $266.00. They were shipped by claimant to the Booth Cold Storage Company for freezing purposes only and, when frozen by that company, were to be reshipped to claimant in Iowa to

supply its trade. The fish were not caught in Illinois, and were and remained the property of the claimant, and were never intended to be sold in this State.

The officers of the Division of Fish and Game of the Department of Agriculture confiscated the fish while they were in the possession of the Booth Cold Storage Company on the grounds that such possession was in violation of the Game and Fish Code, approved June 24, 1919, which was then in force in Illinois. (Laws 1919, Page 26.)

The evidence further shows that in the months of April and May, 1920, claimant made seventeen other shipments of fish, consisting of catfish, buffalo, perch, bullhead and carp, from Davenport, Iowa, to merchants and dealers in various cities and villages of Illinois for retail trade, amounting in all to the sum of $408.62. These seventeen shipments of fish were also confiscated by the officials of the Division of Fish and Game before they were delivered to the consignees.

Claimant contends that these shipments of fish constituted interstate commerce and that the confiscation of them by the officials of the State was unlawful and that the State is liable for the damages sustained on account of such unlawful confiscation by the State officials. The Attorney General insists that, even if the confiscation be conceded to have been unlawful, the State is not liable—that the government is never liable for the wrongful acts of its officers and employees.

Section 18 of the Game and Fish Code, approved June 24, 1919, provides that it shall be unlawful for any commercial institution, commission house, restaurant or cafe keeper, or fish dealer, to have any black bass in possession, whether caught or taken within or without the State, or lawfully or unlawfully caught or taken. The same section makes it unlawful to buy, sell, ship or receive for shipment, or for any commercial institution, commission house, restaurant or cafe keeper or fish dealer, to have in possession any catfish, carp, bullhead, etc., between the 1st day of April and the 1st day of June, both inclusive, of any year. Section 80 of this Act provides that all fish sold, shipped or had in possession contrary to any of the provisions of the Act shall be contraband and subject to seizure and confiscation by any officer or employee of the department. Under these provisions of the Game and Fish Code of 1919 the officers were justified in seizing and confiscating the fish.

Claimant, however, insists these provisions of the statute are unconstitutional as applied to the facts in this case. The presumption is that the law is constitutional, and courts will not declare an act of the Legislature unconstitutional unless a correct decision of the question involved requires such construction. Were this a suit against the officers who confiscated the fish, the constitutionality of this law might be involved. But in this action against the State it is not.

These shipments of fish were confiscated by the officers in the exercise of the police powers of the State. Counties and other subdivisions of the State for governmental purposes are not liable for the wrongful acts of their officers while endeavoring to enforce the police powers. No government is liable for injuries caused by the acts of its officers, whether such injuries be caused by the negligence of the officer or by his misfeasance, laches or unauthorized exercise of power. (*Gibbon* v. *U. S.*, 8 Wall 268; *Minear* v. *State Board of Agriculture*, 259 Ill. 549; *Hollenbeck* v. *Winnebago Co.*, 95 Ill. 148.) In the case of *Chas. C. Robbins (Inc.)* v. *State* (opinion filed in January, 1925,) this same question was involved, and this court said "that the State is not liable in such cases for the torts of its agents or any official of the State, has been repeatedly held by this court, the State courts and the U. S. Sup. Court." Under the principles announced in these cases claimant has no cause of action. The demurrer is therefore sustained in each case and the case dismissed.