(No. 2165— ▉▉▉▉)

EDWARD J. KELLEY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1934.*

GEORGE R. FITZMAURICE, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on May 1, 1933 and alleged therein that on the 6th day of July, 1932, he was employed by the Illinois Emergency Relief Commission; that such Commission was created by the Governor and the legislative branch of the State government for the purpose of administering relief; that while so employed by the Illinois Emergency Relief Commission at one of its relief stations, said claimant in the course of his employment became troubled with varicose veins and was sent to the infirmary conducted under the supervision of such Illinois Emergency Relief Commission; that an incompetent employe without any medical training was placed in charge of said infirmary by a Dr. Louis D. Joseph, Medical Supervisor of such Illinois Emergency Relief Commission; that said employe acting under the direction and authority of said Dr. Louis D. Joseph attempted to administer a chemical into the vein of the

claimant, but being unskilled as aforesaid, the chemical was injected into the tissue, and an infection resulted, whereby it became and was necessary to amputate the left leg of the claimant above the knee.

The complaint further alleges that application for adjustment of claim is now pending before the Illinois Industrial Commission, and claimant seeks to recover compensation for sixty-four (64) weeks' temporary total disability, and 190 weeks specific loss, on account of the loss of the use of the left leg, as provided by the Compensation Act.

The Attorney General has filed a general demurrer to the complaint, and the matter now comes before the court on the question as to the sufficiency of such complaint.

Claimant apparently bases his claim upon the provisions of the Workmen's Compensation Act of this State. In order to recover under such Act, it is necessary that the injury in question be an accidental injury; that it arise out of and in the course of his employment; and that he be engaged in some department of a business or enterprise which is declared to be extra-hazardous by Section Three (3) of the Compensation Act.

The complaint alleges that the claimant "in the course of his employment became troubled with varicose veins", but fails to set forth any facts showing an accidental injury or showing that the injury in question arose out of his employment, or that the business or enterprise in which he was engaged was one which is classed as extra-hazardous by Section three (3) of the Compensation Act. It follows, therefore, that the complaint does not state a right of action under the Workmen's Compensation Act.

Furthermore, the Illinois Emergency Relief Commission is a State charitable agency, created by an Act of the General Assembly approved and in force February 6, 1932, Cahill's Revised Statutes, 1933, Chapter 23, Sections 463-467, for the purpose of providing "relief to residents of the State of Illinois, who, by reason of unemployment or otherwise, are destitute and in necessitous circumstances".

In operating and maintaining charitable institutions, the State is exercising a governmental function, and there is no liability on the part of the State for the careless or negligent acts of its servants and agents in the performance of governmental functions. (*Hinchscliff* vs. *State of Illinois*, 2 C. C. R.

159; *Derby* vs. *State of Illinois*, 7 C. C. R. 145; *Hollenbeck, Admx.* vs. *Winnebago County*, 95 Ill. 148; *Minear* vs. *State Board of Agriculture*, 259 Ill. 549; 25 R. C. L., p. 407, sec. 43.)

IT IS THEREFORE ORDERED that the demurrer to the complaint be sustained, and for the reasons last above stated, the case is dismissed.