(No. 1893— ▮▮▮▮▮▮

HARRY S. KRAMER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1934.*

PARKER & BAUER, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On December 8, 1931 one Harry S. Kramer who was then one of the members of the Civil Service Commission of this State, sustained injuries in the office of the Civil Service Commission in the State House, by tripping over a piece of heavy linoleum which had become worn and broken and was projecting upwards from the floor. The injuries consisted of a fracture of the right hip, and Mr. Kramer was confined to the hospital for about three months, and thereafter was required to use crutches or a cane for a further period of approximately six months, and incurred hospital, doctor and nursing bills to the extent of Eighteen Hundred Fifty-three Dollars and Fifteen Cents ($1,853.15).

In addition to his office as Civil Service Commissioner, Mr. Kramer was manager of the real estate department of the Illinois Trust Company, affiliated with the First National

Bank of East St. Louis, and as a result of the accident in question, was prevented from attending to his duties as such manager from December 8, 1931 to April 13, 1932, although he received his full salary as Civil Service Commissioner during that time.

Claim was filed to recover for the injuries sustained and the expenses incurred as aforesaid. After the testimony on both sides was taken, Mr. Kramer died, and upon the suggestion of his death, Elizabeth Kramer, as executor of his estate, was substituted as claimant.

The right to recover is based upon the theory that it was the duty of the State to maintain and keep the floor in question in proper and safe condition; and upon the theory also that even though the State is not liable for the negligence of its servants and agents, nevertheless an award should be made as an act of social justice and equity.

On account of the very serious injuries sustained by Mr. Kramer and the amount of expenses incurred as the result thereof, this claim appeals very strongly to the sympathies of the court, but, nevertheless, we find it impossible to allow an award for two reasons:

First: It is a well established principle of law, supported by numerous decisions of this court, as well as the other courts of this State and other States, that the State is not liable for the negligence of its officers, servants or agents in the performance of governmental functions. A few of the many authorities supporting this proposition are the following:

*Hinchscliff* vs. *State of Illinois*, 2 C. C. R. 159.
*Derby* vs. *State of Illinois*, 7 C. C. R. 145.
*Hollenbeck, Admx.* vs. *Winnebago County*, 95 Ill. 148.
*Minear* vs. *State Board of Agriculture*, 259 Ill. 549.
25 R. C. L. p. 407, Sec. 43.
8 R. C. L. Supp., p. 5580, Sec. 43.

Secondly: This court cannot allow an award as a matter of social justice and equity in any case where the State would not be liable at law or in equity if the State were suable. The latter proposition was exhaustively considered in the case of *Crabtree* vs. *State of Illinois*, 7 C. C. R. 207 (decided in May, 1933), in which case the previous decisions of this court on that question, from the time the court was created down to that date, were analyzed and considered, to-

gether with the decisions of the courts of this and other States and it was there held, that the legislative enactment creating the Court of Claims and prescribing its powers and duties, merely defined the jurisdiction of the court, and did not create any new liability against the State, nor increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

Award is therefore denied and the case is hereby dismissed.