(No. 2158— ▮)

FAY V. SHUMWAY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1934.*

HOGAN & COALE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On April 19, 1933, about 6:30 o'clock P. M., claimant was driving west on Cook Street, a through street (Route 24) in the City of Springfield, Illinois. Traffic on Cook Street has the right-of-way over traffic from the north and south. As claimant was driving along Cook Street, at the intersection thereof with Eighth Street, a truck was driven south on Eighth Street and, without stopping, passed onto the intersection and struck the car in which the claimant was riding, to wit: a Buick sedan, causing damage to the sedan in the amount of Two Hundred Thirteen Dollars and Ten Cents ($213.10), and personal injuries to the plaintiff on account of which she was required to pay Eighty Dollars ($80.00) for doctor and hospital expenses.

The truck at the time in question was being operated by members of the Illinois National Guard at Springfield, and the claimant apparently contends that the State is liable for the damages sustained on account of the fact that the truck was being driven by a member or members of the Illinois National Guard; and also claims that she is entitled to recover as a matter of equity and good conscience.

As to the first contention, it appears that the driver of the truck at the time of the accident was driving it without permission, and in violation of existing orders, but even if the driver was acting pursuant to orders and in the course of his employment, there would still be no liability on the part of the State, as it is a well-settled rule of law that the State is not liable for the acts of its servants and agents in the performance of governmental functions. (*Hinchscliff* vs. *State of Illinois,* 2 C. C. R. 159; *Derby* vs. *State of Illinois,* 7 C. C. R. 145; *Hollenbeck, Admx.* vs. *Winnebago County,* 95 Ill. 148; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; 25 R. C. L. p. 407, sec. 43.)

The right to recover as a matter of equity and good conscience is based upon Section 4 of Paragraph 6 of the Court of Claims Act which provides that the court shall have power "to hear and determine all claims and demands legal and equitable, liquidated and unliquidated, *ex-contractu* and *ex-delicto,* which the State as a sovereign commonwealth should in equity and good conscience discharge and pay."

In the case of *Crabtree* vs. *State of Illinois,* 7 C. C. R. 207, this court, after a careful consideration of the question, and a review of the authorities since the time of the original creation of the Commission of Claims in 1877, held that the foregoing provision of the Court of Claims Act merely defines the jurisdiction of the court and does not create a new liability against the State nor increase or enlarge any existing liability. This court further held in that case that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State, whether at law or in equity, if the State were suable; and this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; and that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

Claimant having failed to bring herself within the provisions of a law giving her the right to an award, IT IS THEREFORE ORDERED that the demurrer of the State be sustained. Case dismissed.