(No. 1949—

PETER TROMPETER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 21, 1934.*

JONES & HEFLIN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

142

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed July 15, 1932, and is supported by a Bill of Particulars, setting forth damages to the automobile of plaintiff in the sum of Twenty-six Hundred Sixty-five Dollars ($2,665.00). The declaration alleges that claimant was the owner of a Cadillac twelve cylinder sedan, and on the 10th day of December, 1931, was driving in a westerly direction on State Bond Issue Route No. 69 near the intersection of State Bond Issue Route No. 23 in LaSalle County; that an employee of the State of Illinois, then in the scope of his employment, was operating and driving an automobile truck in a northerly direction along Route No. 23 and that the latter drove in and upon Route No. 69 without regard to a stop sign, and while claimant was in the exercise of ordinary care for his own safety, that through the carelessness and negligence of the driver of said truck, the claimant and his automobile were forced off the highway and damaged in the amount of $2,665.00. The declaration consists of seven counts, all alleging the careless and negligent action of respondent through its agent; special negligence being alleged in the failure to observe the stop sign at the entrance to Route No. 69, driving to the right of the center of Route No. 69 and across the pathway of the automobile of claimant and driving without lighted lamps in accordance with the Statutes in such cases made and provided. A motion to amend the declaration, together with the proposed amendment, was filed April 27, 1934, whereby the claimant asked leave to make the ''Firemen's Insurance Company, a corporation,'' an additional party claimant, and inserting in said declaration the fact that under the insurance carried by claimant, Peter Trompeter, with the Firemen's Insurance Company, the latter had paid to said Peter Trompeter the sum of Twenty-six Hundred Sixty-five Dollars ($2,665.00), for damages incurred by him in said accident, and asking that in case of an award that such award, if any, made by this court would be decreed to be paid to the Firemen's Insurance Company up to the amount of the said sum of $2,665.00, and praying further that this court would determine and fix whatever just compensation and damage claimants are entitled to as a result of the alleged negligent and careless driving of the automobile truck in question by the agent of respondent.

Following the filing of the record and abstract of evidence, the Attorney General filed his motion to dismiss the claim, for the reason that no legal liability is shown to exist upon the part of respondent for the negligent and careless action of its employee. Citations contained in claimant's brief correctly set forth the rule pertaining to the liability of private individuals in cases of this character, but the Attorney General, in objecting to the allowance of such claim, relies upon the rule that the State is not liable for damages caused by the negligence of its employees and agents. The claimants in the citation of additional authorities, indicate that they believe an award should be made regardless of the rule of *respondeat superior.*

While individuals and private corporations are liable for damages caused by the negligence of their employees and agents, the rule does not apply to the State nor to sub-divisions of the State created for governmental purposes. The State does not undertake to guarantee to anyone that its employees will be competent or careful or free from negligence in the performance of their duties, as that would involve the State in endless difficulties and losses which would be subversive to the public interests.

*Minear* vs. *State Board of Agriculture,* 259 Ill. 549.

*Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148.

The claimants in their original statement, brief and argument base their contention and claim purely upon legal rights and upon the negligence of the employee of the State. Additional authorities cited by claimants indicate that they would base their right upon the so-called Doctrine of Equity and Social Justice. This court recently held, in the case of *Crabtree* vs. *State,* 7 C. C. R. 207,

"that when the Legislature created this court and clothed it with power to hear claims against the State, we do not think it thereby intended to waive the right of the State to interpose any legal or equitable defense it might have to the demands of claimant."

The case of *Murdock Grate Co.* vs. *Commonwealth,* a Massachusetts case, was referred to in the Crabtree case, wherein the court said,

"The Act * * * discloses no intention to create against the State a new and heretofore unrecognized class of liabilities, but only an intention to provide a judicial tribunal where well recognized, existing liabilities can be adjudicated."

Further,

"Before a claimant can have an award against the State, he must show he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point to any law giving him the right to an award, he cannot invoke the principle of equity to secure the award."

In passing upon the motion of respondent to dismiss, the court recognizes the meritorious nature of the claim presented, but being limited to a consideration of the rights involved from the standpoint of the legal liability of the State, this court is of the opinion that the motion to dismiss should be allowed.

It appears that the original claimant, Peter Trompeter, has been reimbursed by the company with which he carried insurance, for the major part of the value of the car at the time of the accident. Claimants are not without a remedy. If, as they allege, their injuries were caused by the negligence of the State employee, Mr. Geft, while claimant Trompeter was in the exercise of due care (upon which questions we express no opinion), claimant can bring proper actions against him in a court of general jurisdiction and have their damages determined. The claim is denied and case dismissed.