(No. 2324—▇▇▇▇▇▇

JEANETTE VANDERLAAN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1934.*

LIGTENBERG & CURRY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed her complaint herein on February 7, 1934, in which she avers that on the 14th day of December, 1931, she was a patient at the Dental Clinic then being held by the respondent at the University of Illinois College of Dentistry

in the City of Chicago; that in connection therewith it became necessary for her to descend a certain stairway in one of the buildings of said college; that it was the duty of the defendant to keep and maintain such stairway in a good and safe condition for the use of the claimant and others lawfully on said premises; that respondent disregarded its duty in that behalf, allowed said stairway to become uneven, failed to provide proper railings, and failed to light said stairway properly, and so maintained the same as to render it unsafe for persons using the same; that by reason thereof she tripped and fell part way down the stairs and thereby sustained serious and permanent injuries for which she claims damages.

The Attorney General has entered a motion to dismiss the case for the following reasons:

1. There is no liability on the part of the respondent under the facts set up in the complaint.

2. Claimant's right of action is barred because the claim was not filed within two years from the date the injuries were received.

Inasmuch as the motion must be sustained on account of the reason first urged by the Attorney General, it is unnecessary to consider the second reason urged by him.

In the maintenance of its educational and charitable institutions the State exercises a governmental function. It is the well established law of this State and other states, that in the exercise of its governmental functions, the State is not liable for the negligence of its servants or agents. *Hollenbeck, Admx.* vs. *Winnebago County,* 95 Ill. 148; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; 25 R. C. L. p. 407, Section 43; 8 R. C. L. Supp. p. 5580, Section 43.

This court has no authority to allow an award in any case unless there would be legal liability on the part of the State if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Morrissey* vs. *State,* No. 2233, decided at the January term, 1934, of this court.

The complaint fails to set forth facts showing any liability on the part of the State and we therefore have no authority to enter an award.

The motion of the Attorney General must therefore be sustained and the case dismissed. Case dismissed.