(No. 2291— ■

WILLIAM P. CONGDON, ADMINISTRATOR OF THE ESTATE OF WALTER CONGDON, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

JOHN BENEDEK, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant herein asks an award of Ten Thousand Dollars ($10,000) for personal injuries due to the death of Walter Congdon while traveling by auto on one of the State highways, and as a basis therefor, alleges that on the first day of April the State of Illinois was possessed of and had control of a highway in Lisle Township, DuPage County, known as S. B. I. No. 18, which intersects S. B. I. No. 53, the latter passing underneath the viaduct or bridge on Route 18, and the two roads being connected by a paved side, or connecting, road; that at the southwest end of said viaduct there is a concrete rail approximately four feet high; that it was the duty of respondent to keep the highway free from obstruction and to have same sufficiently lighted so as to enable people riding or driving thereon to readily discern any obstructions, and so as not to endanger the safety of persons riding upon said highways; that respondent disregarded its duty, and carelessly and negligenty permitted the concrete wall or obstruction to be or remain unguarded and unlighted in the night time; that by reason of such purported negligence of respondent, the automobile of one Joseph Fisher, then driven by the latter, and in which the said Walter Congdon was riding, collided with said rail and that Walter Congdon thereby received injuries from which he died.

The complaint further avers that Walter Congdon left surviving—his father, mother and three brothers as his only next of kin and as the result of his death that they have been and will be deprived of large sums of money and valuable services, which he was accustomed to perform and would have contributed to their benefit in the future.

The Attorney General has filed a motion to dismiss said complaint for the reason that in the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise of same does not become liable in tort by reason of the negligent acts of its agents.

The State, in constructing the ramp or incline in question, and the concrete abutment that formed a part of such general

road improvement, was endeavoring to improve the traveling conditions for the general public. In the opinion of the court the objection by the Attorney General is well founded and the motion to dismiss the claim should be allowed.

"In the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise of its governmental functions it does not become liable in actions of tort, by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability. *Morrissey* vs. *State*, 2 C. C. R. 454; *Minear* vs. *State Board, etc.*, 259 Ill. at 559."

The General Assembly has never enacted a law making the State liable for damages caused by the negligent construction or the maintenance of a public road, and in the absence of such a statute, this court is of the opinion that no award should be made on the claim herein filed.

*Chumbler* vs. *State*, 6 C. C. R. 138.

*Hollenbeck* vs. *County of Winnebago*, 95 Ill. 148.

The motion of the Attorney General is allowed and the claim dismissed.