Essie M. Yakley, Trading as Pike County Abstract Company, Appellant, v. Wendell Johnson, Appellee.

Gen. No. 9,110.

Opinion filed April 20, 1938.

L. F. GRAHAM and A. W. SCHIMMEL, both of Pittsfield, for appellant.

MERRILL H. JOHNSTON and WILLIAMS & WILLIAMS, both of Pittsfield, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

Essie M. Yakley, doing business as the Pike County Abstract Company, the plaintiff and appellant in this cause filed a complaint against the sheriff of Pike county alleging that she had for a number of years occupied a room in the court house for the purpose of conducting an abstract business; that she now occupies the room and conducts her business by virtue of an unexpired lease, now in full force and effect, made by the county through its board of supervisors; that the board desires the appellant to remain in possession of the room, and the sheriff, appellee, has threatened to remove the appellant by force therefrom. The appellant asks that the sheriff be enjoined from removing the equipment, books and papers of the appellant from said room, and from interfering with the conduct of her business on the said premises.

The appellee filed a motion to dismiss the complaint upon the following grounds: First, that the lease did not purport to have been the lease of Pike county;

Second, that the lease, under which the appellant claims possession, is null and void because it exceeded the powers granted the county board by the legislature. Upon a hearing the court granted the motion to dismiss and ordered that the complaint and suit be dismissed at appellant's costs. The appellant abided her complaint and prosecutes this appeal.

The case is entirely determined by the pleadings, and the controlling questions are: First, Did the board of supervisors in behalf of the county have the power to lease space in the court house for private purposes? Second, Has the sheriff the right to forcibly dispossess the appellant?

The complaint further discloses that the board of supervisors of Pike county, on April 17, 1936, leased to the appellant a room in the court house for the period of two years; that the appellant has ever since and is now in the exclusive possession and control of said room, and has at all times complied with, and is ready, able and willing to comply with, the terms of said lease, which is still in full force and effect.

The powers and duties of a county in Illinois are such as are given by the constitution and statutes of the State, and so far as they are material to the questions in this case are contained in paragraphs 24, 25 and 163 of ch. 34 of the Revised Statutes, 1937 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 33.024, 33.025, 33.117, 33.118], and read as follows:

¶ 24. "Each county shall have power to sell and convey, or lease any real or personal estate, owned by the county, and to make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers."

¶ 25. "The county boards of the several counties shall have power to take and have the care and custody of all the real and personal estate owned by the county

and to manage the county funds and county business, except as otherwise specifically provided.''

¶ 163. ''That whenever it shall appear to any board of county commissioners or board of supervisors that there is space in the court house of the county governed by such board of county commissioners, or board of supervisors, not needed for county purposes, it shall be lawful for such board of county commissioners or board of supervisors, as the case may be, to lease any such space to the state or any court thereof, to any city, village, town, sanitary district or other municipal corporation for such period of time and upon such terms as may seem just and equitable to such board of county commissioners or board of supervisors, as the case may be.''

It is the theory of the appellant that a proper construction of these statutes gives to the county board of supervisors the authority to lease a portion of the space in the county court house for a private purpose, and relies almost entirely upon the reasoning of the court in the case of *Hardin v. Sangamon County*, 71 Ill. App. 103. That case did discuss quite fully the functions and powers of the county board with relation to the real estate of the county, and held that the county was a proper party to a suit in forcible entry and detainer instituted for the purpose of acquiring possession of the part of the premises alloted to the county recorder, but used by a private abstract company. We do not find in that opinion any language which holds that the county board has general power to make a lease of any room or space in the court house for a private purpose. Our courts have many times defined the nature and duties of a county, and have always held that its duties are public and not private. In the case of *Harris v. Board of Supervisors*, 105 Ill. 445, the court said: ''Counties are mere political divisions of the territory of the State, as a convenient mode of ex-

ercising the political, executive and judicial powers of the State. They were created to perform public, and not private, functions. They are wholly public in their character, and are a portion of the State organization. All their powers are conferred, and duties imposed, by the constitution and statutes of the State. They are public, and all the property they hold is for public use. It belongs to the public, and the county is but the agent invested with the title, to be held for the public.'' Again in the case of *Hollenbeck v. County of Winnebago,* 95 Ill. 148, it was stated:

''Counties are but local subdivisions of the State, established by the sovereign power of the State, clothed with but few corporate powers, and these not of a private, but rather of a governmental character, relating to the support of the poor, the making of public highways and the general administration of justice within their respective boundaries.'' In further defining the duties of a county it was said in the case of *Dunne v. County of Rock Island,* 283 Ill. 628, ''The purposes of a Court House, public buildings and a jail, which counties are required to erect and maintain, are the administration of justice, the collection of the public revenue, and the performance of public functions. The powers of counties are public and they are not authorized to go into private business.''

Since a county has only the rights and privileges granted to it, either by the legislature or by the constitution, we cannot find in the provisions of the statute, or in the adjudicated cases in our Supreme Court that a county has the power, either expressly or by implication, to lease the public property for private purposes. It is further urged by the appellant that the space occupied by her was not needed for county purposes but we find no such allegation in the complaint filed nor in the lease attached thereto. Even if such allegation did appear in the pleading we doubt if paragraph 163

could be enlarged or expanded to give the county board the right to lease space in the court house to a private person.

It must be conceded that the sheriff, as a county officer charged with the care and custody of the court house, has the right to restore to the county possession of any space which is unlawfully occupied. Believing as we do that the lease entered into by the county board with the appellant was beyond the powers of the county board, it is our opinion that the appellant has failed to establish a clear legal right to an injunction restraining the sheriff of Pike county from interfering with her possession of space in the county court house, and therefore, the decree of the trial court in dismissing the appellants complaint is hereby affirmed.

*Affirmed.*